Bertha Laubheim, Appellant, *v.* De Koninglyke Nederlandsche Stoomboot Maatschappy, Respondent.

As to whether, in the absence of a statutory requirement, a steamship company owes a duty to its passengers to provide a surgeon to care for them in case of sickness or accident, or as to whether having voluntarily assumed that duty its position becomes identical with that of a carrier upon whom the duty is imposed by law, *quære*

Where by law or by choice the company has become bound to furnish such an officer, reasonable care and diligence in the selection of a person reasonably competent is all that is required, and it is liable only for a neglect of that duty. It is not compelled to select and employ the highest skill and longest experience.

Accordingly *held*, that in the absence of evidence of any carelessness or negligence on the part of a steamship company in its selection of a surgeon for one of its steamships, it was not liable for the negligence of the surgeon.*

(Argued October 5, 1887; decided October 18, 1887.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 5, 1885, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial. (Reported below, 19 J. & S. 467.)

This action was brought to recover damages for injuries caused by alleged negligence.

The plaintiff, in August, 1885, was a steerage passenger on one of the steamships belonging to defendant, plying between Rotterdam and New York. When at sea she fell on the deck of the vessel and fractured the knee-cap of one knee. She was taken in charge by the ship surgeon and, as was claimed, was treated so unskillfully and negligently that after she landed it became necessary to amputate the leg. It was proved that the ship surgeon had been on the defendant's steamboats for several years, and for his services received a salary from the defendant annually and a certain sum for each passenger carried.

*A. Blumenstiel* for appellant.

*S. W. Rosendale* for respondent. The defendant in any event could only be held liable for negligence in knowingly selecting or retaining an incompetent surgeon. (A. L. J., 178, 179; *Loftus* v. *U. F. Co.*, 84 N. Y. 455; *Hubbell* v. *Yonkers*, 104 id. 434–9; S. & Redf. on Neg. § 280; *Hillis* v. *C., R. I. & P. R. R. Co.*, 36 A. L. J. 196; 20 Am. L. Rev. 635, 641, 643; *Secord* v. *St. P. R. R. Co.*, 18 Fed. Rep. 221; *McDonald* v. *Hospital*, 120 Mass. 432–6; *Chapman* v. *E. R. Co.*, 55 N. Y. 579.) For error of judgment there is no liability on the part of the surgeon. (S. & Redf. on Neg. § 440.) The presumption is

---

* NOTE.—The injury complained of in this case occurred prior to the passage of the act of congress of August 3, 1882, imposing upon steamboat companies the duty to provide physicians or surgeons.

always in favor of the competency of the physician. (McClelland's Civ. Malp. 295.)

FINCH, J. It is not necessary in this case to determine whether, at the date of the accident to the plaintiff, the steamship company owed a duty to its passengers to provide a surgeon for their care and safety in the emergency of sickness or accident, or whether having voluntarily assumed that duty its position became identical with that of a carrier bound by law to furnish such an officer, since either proposition may be granted without involving error in the judgment rendered.

If, by law or by choice, the defendant was bound to provide a surgeon for its ships, its duty to the passengers was to select a reasonably competent man for that office, and it is liable only for a neglect of that duty. (*Chapman* v. *Erie R. Co.*, 55 N. Y. 579 ; *McDonald* v. *Hospital*, 120 Mass. 432 ; *Secord* v. *St. Paul R. R. Co.*, 18 Fed. Rep. 221.) It is responsible solely for its own negligence and not for that of the surgeon employed. In performing such duty it is bound only to the exercise of reasonable care and diligence and is not compelled to select and employ the highest skill and longest experience.

There was no evidence in this case that the defendant was careless or negligent in its choice. The surgeon selected had been upon the Rotterdam line for three years, and so far as appears, was reasonably competent for his duty. If in plaintiff's case he erred in his treatment it does not prove that he was incompetent, or that it was negligence to appoint him. This case shows that one doctor, of high reputation, may deem it unwise ever to wire a broken knee-cap, while another of equal ability thought it prudent to try the experiment. The experts, called for the plaintiff, decline to say that the ship's doctor subjected the injury to bad treatment, taking into view the inconveniences of a tossing ship and the impossibility of giving absolute rest to the limb. This branch of the plaintiff's case failed and the trial court was justified in a dismissal of the complaint.

The judgment should be affirmed.

All concur.

Judgment affirmed.