No. 19,974.

JOEL S. NICHOLSON, *Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE HOSPITAL ASSOCIATION, *Appellee.*

SYLLABUS BY THE COURT.

1. CHARITABLE ASSOCIATIONS — *Negligence of Physicians and Attendants—Liability of Association.* Charitable associations conducting hospitals are not liable for the negligence of their physicians and attendants resulting in injury to patients unless it is shown that the association maintaining the hospital has not exercised reasonable care in the employment of its physicians and attendants.

2. SAME—*Railroad Employee—Neglect of Physicians—Liability.* The foregoing rule is applied in an action by the father of a deceased employee of a railroad company against a hospital association for the neglect of its physicians and attendants in failing to give the son suitable care and attention, where it appears that the defendant is an association maintained by the railroad company for the treatment of its employees while sick, and is supported by the monthly contributions of all its employees who, so long as they remain in the service of the railroad company and contribute to the fund, are entitled to the benefits of the hospital free of charge.

3. SAME—*Petition—Subject to Demurrer.* In such an action a petition

which fails to allege that the defendant did not exercise reasonable care in the selection of its physicians and attendants is subject to demurrer.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed March 11, 1916. Affirmed.

*Edwin L. O'Neil,* of Topeka, and *R. B. Forrest,* of El Reno, Okla., for the appellant.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In this case the father of a deceased employee of a railroad company is suing a hospital association for neglect of its physicians and attendants in not giving to the son suitable care and attention. The defendant is an association maintained by the railroad company for the treatment of its employees while sick, and is supported by the monthly contributions of all its employees; and, so long as they continue in the employ of the railroad company, contributors to the fund are entitled to medical aid, surgical attendance and medicines free of charge.

The petition alleges that plaintiff's son became ill at his boarding house in Topeka while in the employ of the railroad company and was being cared for and treated there by competent physicians; that while in that condition he was removed against his protest to the hospital by the agent of the company; that they carried him from a warm, comfortable room into the outer air and failed to protect his person from the cold; that he became chilled and suffered an attack of pneumonia from the effects of which he died. It is further alleged that after his removal to the hospital the defendant wholly failed to give him medical treatment and professional care during his illness; that he was taken to what is known as the convalescent ward of the hospital where the windows were kept open, subjecting him to drafts of cold air without sufficient bed covering; that no stethoscope was used to discover the condition of his lungs, and no effort was made by any of the physicians, servants or attendants of defendant to deter-

31—97 KAN.

mine his condition until a few hours before his death.  It is alleged that his death was the result of these acts of negligence on the part of the association by its physicians and attendants.

The trial court sustained a demurrer to the petition.  Plaintiff elected to stand upon his petition, and appeals.

All contributors to the fund by which the association is maintained are entitled, so long as they remain in the employ of the railroad company, to the benefits of the hospital.  They may in case of accident, sickness or disease of any kind be taken to the hospital where they are given, free of all expense, such medical or surgical care and attention as may be necessary.  The institution is maintained for the mutual benefit of the contributors to the fund, and in no sense is it maintained for profit.  Its liability to a patient for injuries resulting from negligent failure of the physicians and attendants in its employ properly to care for the patient must be determined upon the same principles of law which govern similar actions against eleemosynary or charitable associations conducting hospitals.  The rule seems fairly well established that charitable associations conducting hospitals are not liable for the negligence of their physicians and attendants resulting in injury to patients unless it is shown that the association maintaining the hospital has not exercised reasonable care in the employment of its servants and physicians.  This rule has been applied to a case where the patient who claimed to have been injured occupied a room in a building maintained in part by donations notwithstanding she paid full compensation for her own care and treatment.  (*Duncan v. Nebraska Sanitarium & Benevolent Ass'n.,* 92 Neb. 162, 137 N. W. 1120.)

On the other hand it was held that where a railroad company maintained a hospital under the same plan as in the present case, but made each year a profit of several thousand dollars which went to the credit of the railroad company, it was liable for the negligence of its hospital employees. (*Texas and Pacific Coal Company v. Connaughton,* 20 Tex. Civ. App. 642, 50 S. W. 173.)

A case more directly in point is *Union Pac. Ry. Co. v. Artist,* 60 Fed. 365, 9 C. C. A. 14.  The action there was sought to be maintained against the railroad company.  It was held that if

Nicholson v. Hospital Association.

the company had used reasonable care in the selection of its physicians and attendants, that was all the law required of it.

This court, in *A. T. & S. F. Rld. Co. v. Zeiler,* 54 Kan. 340, 38 Pac. 282, approved the doctrine of the Artist case, *supra,* so far as it applies to the duties and liabilities of a railroad company in calling a physician or surgeon to care for an injured employee or passenger. In the opinion the court said:

"The law is well settled that a railroad company having used reasonable care in his selection is not chargeable with the want of skill in a physician or surgeon whom it calls for a passenger or injured employé, and this is so even where the law requires a steamship company transporting immigrant passengers to carry a physician. (*O'Brien v. Steamship Co.,* 154 Mass. 272, 28 N. E. 266; *Laubheim v. Steamship Co.,* 107 N. Y. 228, 13 N. E. 781; *Secord v. Railway Co.,* 18 Fed. 221; *U. P. Rly. Co. v. Artist,* 60 Fed. 365.)" (p. 350.)

In the present case the petition does not state that the hospital association failed to use reasonable care in this respect. Plaintiff attempts to avoid the necessity of such an allegation by insisting that it makes no difference how skilled or efficient the servants and physicians of defendant may have been, for the reason that he seeks only to recover for the failure of the physicians and servants to give his son treatment of any kind. But this is a narrow contention, in view of all that is said in the petition. The names of several physicians in the employ of the association are given in the petition; it is said that plaintiff's son was taken there while sick; that the physicians and attendants in the employ of the defendant neglected him, and that from the neglect his death resulted. There is a complaint that a stethoscope was not used to determine the nature of the disease or the condition of the patient's lungs. The whole petition taken together shows that plaintiff is attempting to recover damages for the negligence of the physicians and attendants who are said to be employees of the defendant, in their failure to give to his son proper medical care and attention. Of course it is not claimed that the physicians neglected the patient intentionally or maliciously; all that is claimed is that the physicians and attendants at the hospital neglected to give him proper medical attention in time to prevent his death.

Under the authorities cited as well as by the weight of reason the plaintiff is not entitled to recover on the facts stated. Suits of this nature against associations not established for

profit, but for the purpose of mutual benefit, ought not for reasons of sound public policy to be encouraged. Employers of large numbers of workmen should be encouraged to establish institutions of this kind for the mutual benefit of their employees. It is well known that the employees of the railroad company are entitled to medical and surgical care in the hospital regardless of the nature of their employment or the cause or occasion of their sickness. Doubtless in many instances employees are enabled to avail themselves of these benefits when otherwise, because of their financial condition, they would be unable to obtain necessary medical care and attention.

The judgment sustaining the demurrer to the petition is affirmed.