No. 21,282.

FANNIE DAVIN, *Appellant*, v. THE KANSAS MEDICAL, MISSIONARY AND BENEVOLENT ASSOCIATION, *Appellee*.

### SYLLABUS BY THE COURT.

CHARITABLE HOSPITAL—*Not Liable for the Negligence of Its Medical Superintendent*. A charitable hospital corporation is not liable in damages for the failure of its medical superintendent to comply with a contract made by him for the care of a patient being treated in the hospital.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed May 11, 1918. Affirmed.

*Joseph Brubacher, James Conly,* and *W. P. Campbell,* all of Wichita, for the appellant.

*David Smyth,* and *J. W. Smyth,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover judgment for personal injuries. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The defendant is a charitable corporation organized under the laws of this state solely for purely philanthropic and charitable purposes. It conducts a hospital, or sanitarium, at Wichita. The plaintiff was afflicted with melancholia, and was, by her husband, taken to the defendant's hospital. He stayed with her for a couple of days, when he was advised by Dr. Sutter, the defendant's medical superintendent, to go home and stay away from the plaintiff. The husband agreed so to do on condition that a nurse be placed in charge of the plaintiff at all times, and that she be not left alone. To this Dr. Sutter assented. A special nurse was placed in charge of the plaintiff, but the nurse did not remain in the room with the plaintiff at all times. The nurse slept in the hall near the door to the plaintiff's room. While the nurse was so sleeping, the plaintiff got out of her bed, passed through an open window, fell to the roof of a porch below, and injured herself. She brought this action to recover damages for the injuries sustained by her. There was no allegation in the petition and there was no evidence to prove that the defendant did not exercise reasonable care in the employment of its physicians and attendants.

The jury returned a verdict in favor of the plaintiff and answered special questions as follows:

"2. Does any person, corporation, or association receive profits or dividends from its earnings? Answer: No.

"3. If the jury answer the foregoing interrogatory in the affirmative, then state what person, corporation, or association receive profits or dividends? Answer: Not any.

"4. What, if any, negligence do you find. the defendant guilty of? State fully. Answer: In not complying with special contract entered into with Mr. Davin in supplying a special nurse in constant attendance upon Fannie Davin at all times.

4—Kan.—3099

"5. What servant or agent of the defendant was guilty of the negligence found, if any? Answer: Miss Cox, the special nurse.

"6. What could the defendant have done that it did not do to avoid the injury to plaintiff? Answer: Should have had special nurse in room in constant attendance on Fannie Davin.

"7. Did any servant or agent of the defendant have reason to believe that the plaintiff would be likely to injure herself? Answer: Yes.

"8. If you answer the last question in the affirmative, then state what servant or agent had such reason so to believe? Answer: Dr. Sutter, the hospital doctor, and the special nurse.

"9. Did the husband or physician of the plaintiff inform any agent or servant of the defendant that she was likely to injure herself if not guarded, and if so, to whom was such information given? Answer: Yes, inasmuch as Dr. Edgerton informed Dr. Sutter of the nature of the case."

The court set aside the verdict and rendered judgment in favor of the defendant on the facts found by the jury.

The plaintiff says: "The only specification of error is the order sustaining the motion of the defendant for judgment on the special findings." Can the plaintiff recover under the facts found by the jury? In *Nicholson v. Hospital Association*, 97 Kan. 480, 155 Pac. 920, this court said:

"Charitable associations conducting hospitals are not liable for the negligence of their physicians and attendants resulting in injury to patients unless it is shown that the association maintaining the hospital has not exercised reasonable care in the employment of its physicians and attendants.

"In such an action a petition which fails to allege that the defendant did not exercise reasonable care in the selection of its physicians and attendants is subject to demurrer." (syl. ¶¶ 1, 3.)

There are cases holding that even if a contract is made by which those in charge of a hospital agree to furnish a nurse to be in constant attendance, yet the hospital is not liable for damages on account of injuries sustained by a failure to comply with the contract. (*Duncan v. Nebraska Sanitarium & Benevolent Ass'n*, 92 Neb. 162; *Downes v. Harper Hospital*, 101 Mich. 555; *Duncan v. St. Luke's Hospital*, 98 N. Y. Supp. 867.)

One reason for this rule is that "trust funds created for benevolent purposes should not be diverted therefrom to pay damages arising from the torts of servants." Another reason is that "public policy encourages the support and maintenance of charitable institutions and protects their funds from the

maw of litigation." (*Duncan v. Nebraska Sanitarium & Benevolent Ass'n*, 92 Neb. 162, 164, and note to this case found in Ann. Cas. 1913 E, 1129.) Both reasons are good.

Dr. Sutter made the agreement, and he may be liable personally; but the plaintiff argues that because Dr. Sutter failed to comply with his agreement, the defendant is liable. There is no reason why the defendant should be liable for Dr. Sutter's negligence, any more than it should be liable for the negligence of the nurse who was looking after the plaintiff. Under *Nicholson v. Hospital Association*, supra, the defendant is not liable for the negligence of Dr. Sutter.

The plaintiff cannot recover under the facts found by the jury, and the judgment is affirmed.