No. 28,541.

J. C. WEBB, *Appellee*, v. L. H. VOUGHT and THE SALVATION ARMY, *Appellants*.

(275 Pac. 170.)

Opinion filed March 9, 1929.

*V. Harris* and *M. P. Shearer*, both of Wichita, for the appellants.

*Alfred Williams*, of Pratt, *P. D. Gardiner* and *O. W. Helsel*, both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff seeks to recover from the defendants damages for injuries sustained by him in an automobile collision. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

There was evidence which tended to prove that the Salvation Army of Wichita is a corporation, organized under the laws of the state of Illinois; that the Salvation Army is engaged in religious, charitable and philanthropic work in the city of Wichita; that in its operations it conducts a store, to which old clothing, books, papers and magazines given to the Salvation Army for distribution among the poor and needy are taken for such distribution; that at the store much of the goods thus collected is given away, but a part of it is sold at a nominal price to those who desire to pay all or a portion of the value of the goods received; that the money received is used by the Salvation Army in furtherance of its religious, charitable and philanthropic work; that in gathering the goods to be distributed from this store the Salvation Army operated a truck; that the truck was driven by the defendant, L. H. Vought; that it was being operated on a paved road west of Wichita, and through the negligence of L. H. Vought a collision occurred between the truck and another

truck or automobile in which the plaintiff was riding, the guest of the driver, and that the plaintiff sustained severe injuries in that collision.

It is argued that the Salvation Army, being a religious, charitable and philanthropic organization doing work of that nature, is not liable for the negligence of Vought whereby injury was sustained by the plaintiff. The liability of charitable organizations for injuries caused by the negligence of agents or employees working in or for such organizations has often been presented to the courts of this country. The decisions are in hopeless confusion and irreconcilable conflict. A clear statement of this condition is found in *Geiger v. Simpson M. E. Church,* 174 Minn. 389, 392, as follows:

"Coming to the specific question of the exemption of charitable organizations or institutions from liability for negligence of their officers and servants, we find a great diversity of reasoning and adjudication in the numerous decisions in various states. One line of cases holds that these organizations are wholly exempt from liability for such negligence. Another line of cases, apparently the greater in number, holds that these organizations are exempt from such liability to persons who are recipients of their charity or service, who are beneficiaries of the work carried on by the organization. Many of these cases hold that the organization is liable to third persons, who are not beneficiaries, and to its own hired servants and employees on the same basis as private individuals and business corporations. Some cases hold that hospitals and colleges are liable to patients or students who pay full consideration for their treatment or tuition. Others hold that the fact that payment is so received does not make them liable. In many cases it is stated that such institutions may be held liable for failure to exercise proper care in the selection of officers and servants, and may be held liable for negligently employing incompetent officers and servants, when injury results therefrom.

"Different courts give different reasons for the exemption from liability. The following reasons have been given: That the funds of such institutions are held in trust for specific charitable purposes and should not be diverted to pay damages for negligence; that the better public policy is to hold them exempt; that they serve the same purpose as governmental agencies and should come under the same rule; that one who accepts benefits by becoming a patient, student or beneficiary of the institution impliedly consents to hold it exempt or to waive any claim for negligence of its servants; that the doctrine of *respondeat superior* does not apply to them; that their employees are not, in a legal sense, servants of the organization. Other grounds of exemption have been suggested. All of these reasons have been more or less criticized."

Any rule followed by this court will have ample authority to support it. An analysis of the authorities will not do any good. Similar questions have been before this court in two cases. In *Nichol-*

*son v. Hospital Association,* 97 Kan. 480, 155 Pac. 920, this court declared that—

"Charitable associations conducting hospitals are not liable for the negligence of their physicians and attendants resulting in injury to patients unless it is shown that the association maintaining the hospital has not exercised reasonable care in the employment of its physicians and attendants." (Syl. ¶ 1.)

In *Davin v. Benevolent Association,* 103 Kan. 48, 172 Pac. 1002, a similar question was presented to this court, and the court there said:

"A charitable hospital corporation is not liable in damages for the failure of its medical superintendent to comply with a contract made by him for the care of a patient being treated in the hospital." (Syl.)

"One reason for this rule is that 'trust funds created for benevolent purposes should not be diverted therefrom to pay damages arising from the torts of servants.' Another reason is that 'public policy encourages the support and maintenance of charitable institutions and protects their funds from the maw of litigation.' . . . Both reasons are good." (p. 50.)

In these cases this court declared that charitable organizations are not liable for the negligence of its employees or agents. This court now prefers to follow that rule, and put it on the ground that the resources of charitable organizations are trust funds which cannot be subjected to the payment of damages in such cases. It follows that the Salvation Army is not liable to the plaintiff. This does not excuse the defendant Vought. However, it is not argued that he should be relieved from liability.

The judgment against Vought is affirmed, but the judgment against the Salvation Army is reversed and judgment is rendered in its favor.

BURCH, J. (concurring): Like mercy, the quality of charity is not constrained, and the disposition to give should be indulged to the fullest extent. State benevolence can go only so far. Private charity must cover the rest of the field, filled with opportunities to succor and relieve. Besides that, private charity blesses him who gives as well as him who receives. Let it be understood that the nickels dropped into the Salvation Army tambourine, and the dollars contributed to the Children's Home-finding Society and all the other organizations which are doing the good-will work of this state, may be perverted to support of the damage-suit industry, and contributions will likely stop, or at least will likely become scanty.

The path of life is beset with risks which we all assume. An injured person will always have remedy against the person at fault. Beyond that, I think individuals should assume those risks which may be encountered in the administration of charity, rather than that society as a whole should suffer from a drying up of the springs of eleemosynary sustenance. Care not to threaten harm to others should be the watchword of every one, including those engaged in the administration of charitable enterprises. I have no information that as a matter of fact the freedom from liability for negligence which charitable organizations of this state have hitherto enjoyed has tended to relaxation of care on the part of managers of charities in the selection of agents and servants. Should the general welfare be threatened by looseness and indifference in that respect, the rule of nonliability to third persons might be qualified accordingly. With my present knowledge of social conditions and tendencies in this state, I subscribe to the rule announced in the syllabus of the court's opinion.

MARSHALL, J. (dissenting): All persons, organizations and corporations stand on an equality before the law. All should be bound alike or excused alike. If one is liable for a negligent act of his agent or employee, all should be liable. For this reason I dissent.

HARVEY, J., dissenting.