ERNA SCHNEIDER, Respondent, *v.* NEW YORK TELEPHONE COMPANY and PETER RIZZO, Appellants, Impleaded with MARY ROUSE, Defendant.

First Department, January 15, 1937.

*Irving W. Young, Jr.*, of counsel [*Hugh N. Wells* with him on the brief; *Charles T. Russell*, attorney], for the appellant New York Telephone Company.

*Lloyd Paul Stryker* of counsel [*Harold Shapero* with him on the brief], for the appellant Peter Rizzo.

*Frederick E. Weinberg* of counsel [*Herman A. Gray* with him on the brief; *Maxwell M. Booxbaum*, attorney], for the respondent.

TOWNLEY, J.   This action was brought to recover for injuries suffered by the plaintiff due to the alleged malpractice of the defendant Dr. Rizzo.   The claim against the defendant New York Telephone Company is based on the principle of *respondeat superior.*

Since July 6, 1914, the New York Telephone Company has been a self-insurer under the Workmen's Compensation Law of the State of New York.   During the period covered by the claim in suit, the company has maintained a plan for employees' pensions, disability benefits and death benefits.   As a self-insurer and in connection with its benefit plan, it has optional annual examinations of its employees. The company employs physicians in connection with its medical activities.   It maintains a branch office at One Hundred and Seventy-sixth street, Bronx, and the defendant Dr. Rizzo was one of the examining physicians at that office.   The physicians employed spend a portion of the day examining employees and are otherwise engaged in private practice.   The company also employs nurses and X-ray technicians.   The record establishes that the purpose of the staff and equipment maintained by the company is threefold: (1) To be ready for any emergency cases that may arise, (2) in connection with its disability benefit plan, and (3) in connection with its pension system.   Emergency or temporary treatment only is provided.

There was no evidence of any negligence in the selection of Dr. Rizzo and his ability and competency were conceded.

The plaintiff was an employee of the New York Telephone Company and consulted the defendant Dr. Rizzo at the direction of her supervisor.   She had complained of pain in her foot and inability to work while standing because of it.   The condition which led to her consulting the doctor had no connection with her employment.   She had injured her foot while sketching in Bronx Park about two months prior to her first consultation, and, unknown to

her, osteomyelitis had developed. The malpractice charged was that the doctor had ordered an X-ray of the plaintiff's ankle when the swelling and inflammation were in the instep. A further charge of malpractice was based on the doctor's subsequent advice that there was nothing the matter with plaintiff's foot and that she might continue to stand on it while working.

The defendant New York Telephone Company was held liable for the malpractice on the theory that the doctor was the servant of the company for whose negligence it was responsible. The doctrine of *respondeat superior* has no application to the situation shown by this record. A doctor employed under these conditions is not a servant of his employer but is engaged in an independent calling and his status is that of an independent contractor. The courts of this State have uniformly so held.

It was said in *Phillips* v. *Buffalo General Hospital* (239 N. Y. 188, 189) that physicians and nurses in hospitals " are employed by the hospital to exercise their profession and calling to the best of their abilities according to their discretion; that in treating and caring for a patient they are not acting as servants of the hospital; and that the doctrine of *respondeat superior* does not apply when patients are injured through their negligent acts. In *Matter of Bernstein* v. *Beth Israel Hospital* (236 N. Y. 268, 270) the rationale of the rule in the *Schloendorff* case [211 N. Y. 125] is clearly stated thus: ' Such a hospital undertakes, not to heal or attempt to heal through the agency of others, but merely to supply others who will heal or attempt to heal on their own responsibility.' " Further, this doctrine is not limited to charitable corporations because the question of charity is not the deciding factor. In *Matter of Renouf* v. *New York Central R. R. Co.* (254 N. Y. 349, 351) it was said that the rule " rests on the fact that one who employs such a nurse to take care of an injured person undertakes, not to treat the employee through the agency of the nurse, but to procure a nurse for the special purpose for which her services are required   This is all that the railroad company did in this case. It procured the nurse, but it did not act through her in caring for the patient. She was left to act on her own responsibility under the general direction of the physician in charge of the case. Although she was, in a general sense, employed by the railroad company she was not its employee. She occupied the position of an independent contractor following her own calling rather than that of one in the service of the employer." The same rule was applied by this court in *Stone* v. *Goodman* (241 App. Div. 290, 297), Mr. Justice, now Presiding Justice, MARTIN writing as follows:

" In *Laubheim* v. *De Koninglyke Nederlandsche Stoomboot Maatschappy* (107 N. Y. 228) the court said: ' If, by law or by choice,

the defendant was bound to provide a surgeon for its ships, its duty to the passengers was to select a reasonably competent man for that office, and it is liable only for a neglect of that duty. [*Chapman* v. *Erie R. Co.*, 55 N. Y. 579; *McDonald* v. *Hospital*, 120 Mass. 432; *Secord* v. *St. Paul, M. & M. R. Co.*, 18 Fed. Rep. 221.] It is responsible solely for its own negligence and not for that of the surgeon employed. In performing such duty it is bound only to the exercise of reasonable care and diligence and is not compelled to select and employ the highest skill and longest experience.'

" Dr. Goodman was an experienced surgeon and was shown to be exceptionally able. He had operated many times upon patients for hernia and was constantly in attendance at leading hospitals. When the insured and the insurance carrier employed such a well-qualified doctor, their duties ceased. They were not liable for anything that occurred thereafter."

We find no authority in this State for holding the defendant company liable. The only case which might have any application at all is *Hannon* v. *Siegel-Cooper Co.* (167 N. Y. 244), but the circumstances of that case are clearly distinguishable from the case at bar and the precedent is wholly inapplicable.

The evidence against the defendant Dr. Rizzo shows, without contradiction, that plaintiff at the time she first saw this defendant had a diseased condition of the bones of her foot which had existed for at least two months and which grew progressively worse thereafter. The only damage for which the doctor could be held responsible was for an aggravation of the existing condition resulting from his failure to treat the plaintiff properly. This issue was not presented to the jury by the court. The only issue which was presented was whether the alleged malpractice of the doctor was responsible for the entire condition which developed. Their finding in the plaintiff's favor on this issue is against the clear weight of the evidence.

The judgment and orders should be reversed, with costs to the defendant New York Telephone Company, and the complaint dismissed, with costs to said defendant, the action severed and a new trial ordered as to the defendant Peter Rizzo, with costs to said defendant to abide the event.

MARTIN, P. J., GLENNON and DORE, JJ., concur.

Judgment and orders unanimously reversed, with costs to the defendant New York Telephone Company, and the complaint dismissed, with costs to said defendant, the action severed and a new trial ordered as to the defendant Peter Rizzo, with costs to said defendant to abide the event.