Rosel Pivar, as Administratrix of the Estate of Gussie Pivar, Deceased, Respondent, *v.* Manhattan General, Inc., Doing Business as Manhattan General Hospital, Appellant, et al., Defendants.

First Department, March 11, 1952.

*Joseph J. Brophy* of counsel (*Edward A. Shandell* with him on the brief; *Desmond T. Barry,* attorney), for appellant.

*Paul Koch* for respondent.

VAN VOORHIS, J. Defendant hospital appeals from an order setting aside a jury verdict in its favor of no cause of action, and granting a new trial. The action was brought to recover damages for the wrongful death of plaintiff's intestate Gussie Pivar, who is claimed to have fallen from her hospital bed while convalescing from a gall bladder operation. A question of fact was presented concerning whether plaintiff's intestate fell out of bed at the hospital and whether she died from that cause.

The trial court granted a new trial for error in the charge, in that the jury were not instructed that installation of sideboards on decedent's bed would have been an administrative act on the part of the hospital as matter of law. In granting the motion for a new trial, the trial court held that it erroneously left to the jury the question whether failure to erect sideboards pertained to a medical or an administrative act or omission, instead of confining the jury to whether defendant hospital was negligent in failing to erect the sideboards.

Deciding whether sideboards should be installed to prevent a patient from falling from a hospital bed has been held to be a medical act not binding upon the hospital. (*Grace* v. *Manhattan*

*Eye, Ear & Throat Hosp.*, 301 N. Y. 660.) For that reason the defendant was exonerated from liability in the case cited, inasmuch as the physician had not ordered that sideboards be installed. On the other hand, where sideboards have been ordered, '' a different question is presented, since the professional judgment was properly made, but not carried out; it is the failure to follow up that judgment by the physical act of placing or having the sideboards placed on the bed which was the competent and producing cause of the accident. * * · * It follows that in failing, under the circumstances here, to attach the sideboards to the plaintiff's bed or causing it to be done, the head nurse was guilty of an omission ' not directly concerned with medical treatment ' in respect of which she must be considered merely as the servant of the defendant, who must respond in damages even if it is a charitable institution.'' This conclusion of the trial court in *Ranelli* v. *Society of New York Hosp.* (49 N. Y. S. 2d 898, 902–903) was upheld by the Appellate Division (269 App. Div. 906) and by the Court of Appeals (295 N. Y. 850).

The same conclusion was reached in *Gordon* v. *Harbor Hosp.* (275 App. Div. 1047) where a judgment for plaintiff was also affirmed, it having been left to the jury to decide whether a determination had been made by an attending physician that sideboards were necessary as a protective measure. Negligent failure to carry out such an order was held to have related to the performance of an administrative act, for which the hospital was held liable regardless of its status as a charitable institution.

The underlying rule has been stated thus in *Sutherland* v. *New York Polyclinic Med. School & Hosp.* (273 App. Div. 29, 30–31, affd. without opinion 298 N. Y. 682): '' The legal basis for the distinction is that medical service, although procured by the hospital, is professional service rendered to the patient by a doctor or nurse, and not service rendered by the hospital through the agency of the doctor or nurse. Administrative work, on the other hand, is part of the hospital service and is performed by servants of the hospital, for whose administrative acts the hospital is responsible.''

It is necessary to examine the record in the instant case in the light of these principles. Defendant's hospital record shows, under the heading '' Physician's Directions '', that at one hour and forty-five minutes before the claimed occurrence of this accident, a hospital interne directed that sideboards should be installed upon decedent's bed. This direction was then entered

in the hospital record over the signature of the interne. The entry contains no qualifications that sideboards need be installed only if the patient's nurse considered it to be necessary. Of course, if the erection of sideboards was left by the physician to the nurse's discretion, her decision would still be a medical act from which the hospital would be exonerated under the holding in *Grace* v. *Manhattan Eye, Ear & Throat Hosp. (supra)*. Contrariwise, if, as the hospital record indicates, the direction was given by the interne as an unconditional order, it would not be subject to veto by the nurse, whose authority was subordinate to his, and her act or that of a hospital orderly in erecting the sideboards would have been administrative in character. Indeed, after deciding that sideboards should be erected, the interne's direction to install them was an administrative act to be performed on behalf of the hospital. It would not have been a medical act, for example, for the interne to decide whether to ask an orderly or the patient's nurse to carry out the professional decision which had been reached.

In this instance, the nurse's testimony that the interne left the matter to her discretion is contradicted by the written entry by the interne in the record under the heading " Physician's Directions ", which indicates that the order was absolute. A question of fact arises concerning whether the nurse's testimony or the doctor's written entry correctly states what occurred.

A new trial is necessary for the reason that the trial court did not instruct the jury that if the order to erect the sideboards was absolute its execution was administrative in character.

Appellant's contention cannot be sustained that the complaint should have been dismissed as matter of law. This point of defendant's is based on the circumstance that the nurse in attendance was a special nurse, employed by decedent or her family, and not by the hospital. Being a special nurse did not give her power to overrule medical decisions by the hospital interne, however, nor did it alter the circumstance that once the interne had made up his mind that sideboards should be installed as noted in the hospital record, an administrative duty came into existence on the part of the hospital to execute the order.

The interne was employed by the hospital. Although the hospital would not be liable for malpractice on account of his medical acts or decisions, his employment charged it with knowledge of such decisions as called for administrative action after they had been formed (*Constant* v. *University of Rochester*,

111 N. Y. 604; *Title Guar. & Trust Co.* v. *Pam,* 232 N. Y. 441, 453), and that required the hospital to use reasonable care to have them carried into effect. In entering this direction in the record, the interne acted for the hospital and it was his duty as agent for the hospital to use reasonable care to see that it was performed. This written entry is not only admissible in evidence under section 374-a of the Civil Practice Act, having been kept in the regular course of business (*People* v. *Kohlmeyer,* 284 N. Y. 366; *Meiselman* v. *Crown Heights Hosp.,* 285 N. Y. 389), but it is also binding upon the hospital as an admission against interest by an adverse party.

Plaintiff is not bound by the testimony of the special nurse that the interne told her to erect the sideboards, any more than by her testimony that he left the whole subject to her discretion. The hospital record indicates that the interne ordered sideboards unconditionally, but does not say that he directed the nurse to do the labor, nor does it indicate what steps he took to have the order carried into effect. The natural thing would have been for the sideboards to be erected by an orderly. The nurse was an interested witness called for defendant. The complaint should not be dismissed on the assumption that her testimony is true which contradicts the hospital record. There was clearly a question of fact concerning whether the hospital exercised reasonable care in performing this administrative duty.

There are, of course, other bases on which the jury may have rendered their verdict in favor of appellant hospital, such as a determination that decedent did not fall out of bed or, as testified by her own physician, that she died a natural death from other causes. A new trial is necessary, however, inasmuch as it cannot be known on what ground the jury verdict was rendered.

The order appealed from, granting a new trial, should be affirmed, with costs.

SHIENTAG, J. (concurring): I agree that there was error in the Judge's charge which required the setting aside of the verdict in favor of the defendant, and that there should be a new trial, if there is any basis at all in the record for charging the defendant with liability in negligence. The record before us indicates that there may be such basis. Whether or not sideboards were needed on the patient's bed was, under the decisions, a question requiring the exercise of medical judgment. The sideboards having been ordered by the hospital physician, the carrying out

of his order was an administrative act, negligence in the performance of which would subject the hospital to liability. The record before us would indicate that instructions for the sideboards were given by the hospital physician to the patient's private nurse. That private nurse is not an employee of the hospital, but is under the supervision of the hospital so far as concerns her performance of administrative duties directed by the hospital's physicians. Thus far the question comes down to this: Is there an issue of fact raised on this record as to whether or not the hospital was negligent in supervising the private nurse and seeing that the order of its physician for sideboards was properly carried out. The record indicates that an hour and three-quarters elapsed between the time when the doctor's instructions were given to the private nurse and the time when it is alleged that the patient fell out of bed because the sideboards had not been put up. The question being one of reasonable supervision, I believe it should be held, as a matter of law, that the period of one and three-quarter hours which elapsed was insufficient to charge the hospital with liability.

However, there is testimony in the case which, in my opinion, was sufficient to raise an issue for a jury to resolve. If the testimony of the daughter and the son of the deceased is accepted it would appear that the floor nurse of the hospital was informed that the deceased had told them that she had almost fallen out of bed the night of the 23d of August and that she definitely felt that sideboards should be put up; that the floor nurse said in substance " In that case we certainly will put them up and I will see to it that an orderly gets the sideboards and attaches them to the bed." This conversation is said to have taken place between eight-thirty and eight forty-five in the evening of August 24th, and the deceased is alleged to have fallen between ten forty-five and eleven that same evening. The floor nurse, having made the decision that sideboards would be put up, the carrying out of that decision was an administrative function, and for any negligence in connection therewith the hospital would be liable. This undertaking by the nurse imposed upon the hospital a responsibility to attach the sideboards which was primary in nature and not merely supervisory. Having committed itself through a responsible agent to act, the hospital could not unreasonably or negligently delay. Whether or not this delay of several hours constituted a failure on the part of the hospital to act within a reasonable time in attaching the sideboards presents a jury question. Although there are sharp

questions of credibility presented, I vote for affirmance of the order below and for a new trial, but solely on the ground stated in this memorandum.

DORE, J. P., and COHN, J., concur with VAN VOORHIS, J.; CALLAHAN, J., concurs in result; SHIENTAG, J., concurs in result in opinion.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.