VERA MRACHEK, Plaintiff, *v.* SUNSHINE BISCUIT, INC., et al., Defendants.

Supreme Court, Trial Term, New York County, October 15, 1952.

*David M. Fink* and *Jacquin Frank* for plaintiff.

*Desmond T. Barry* for Sunshine Biscuit, Inc., defendant.

DICKSTEIN, J. Plaintiff has sustained personal injuries and in this action seeks recovery of damages. The individual defendant, a physician, is not now a party. It is conceded that the corporate defendant may be cast in damages only upon the theory of *respondeat superior*. The parties have waived trial by jury. They have submitted fully their proofs and arguments in relation to the preliminary issue of legal liability leaving for later trial the factual questions of actual negligence and damage in the event the court finds in favor of plaintiff on the present submission.

The applicable principles of law are those usually arising in actions against industrial organizations and hospitals operated for profit or otherwise for recovery of damages resulting from claimed malpractice or negligence of doctors or other employees in the course of treatment. The application of those principles to the facts in a particular case is often difficult and it is so in this particular case. The line is not easily drawn.

Plaintiff was an applicant for employment. Defendant maintained a first-aid service with medical and nursing aid furnished by personnel on its payroll. The defendant required pre-employment examinations of all applicants. That too was a function of its medical department. Accordingly this plaintiff was required to submit to such examination by Dr. Cali who was on defendant's payroll for that purpose. As part of the company's management rules a blood test is also required. Accordingly the doctor extracts blood for examination by the department of health. He did that in this case and it is the use of the instrument in the circumstances here of which plaintiff complains. Whether the procedure was faulty is not now decided but rather was the act done by the physician as an independent agent for which he alone is responsible or was it done by him as a servant of the corporation for which the latter is responsible.

It seems to the court that the key to the proper application of the legal principles to this case is the fact that the doctor uses no discretion or judgment whatever in determining that blood for a blood test should be taken. He makes no finding and forms no opinion that blood should be taken for any purpose of treat-

ment or cure or otherwise. He performs no medical function in the sense that he uses his medical art independently to arrive at an opinion that a blood test is indicated. While skill is used in the act it is no different in principle here from the skill used by an operator of a motor vehicle despite any difference in the measure of skill. In both instances an employer has laid down the objective and the employee carried it out. Dr. Cali's undertaking of his employment with defendant casts upon him the duty as servant to his master to take blood for a blood test from every job applicant sent to him. He was then charged to do it with requisite skill and failure to use that skill is the failure of a servant. It is indeed true that the extraction of blood is but part of the physical examination which entails the practice of the medical art. Yet that practice here is not pursued in the interest of a patient as part of cure and treatment but rather to produce a report for the employer in its business and to discover if the applicant possesses the requisite physical qualifications.

The cases cited by both parties caution that it is the character of the act and not the title of the person which is determinative. It is not so simple to distinguish the character of the act as medical or administrative as it is to distinguish the title. The use of a needle for the extraction of blood might seem to require a conclusion as matter of law that it is a medical act. Yet it may be done by a nurse. Also a nurse may use a water bottle in varying circumstances and in one instance her act may be found to be medical and in another administrative. The same would be true with respect to the use of a needle. Its complexity and the required skill are no less in one case than in another. The doctor here was ordered to use the needle. He used no independent judgment or opinion concerning its necessity. He took no part in the actual test except to take the blood. He did nothing for the plaintiff as a patient, nor anything in furtherance of treatment. He obeyed an order given by his employer and is charged with lack of requisite skill in executing that order. As his master the defendant is likewise chargeable.

The first aid service rendered in defendant's medical department is on a different plane. While defendant supplies the physician and directs him to render first aid the latter uses his own judgment in the practice of his art in the treatment and cure of the injured employee. The physician is then engaged in an independent calling as the agent of the patient (*Schneider* v. *New York Tel. Co.*, 249 App. Div. 400, affd. 276 N. Y. 655) for the employer has not undertaken to treat and cure (*Schloendorff* v. *Society of New York Hosp.*, 211 N. Y. 125). But even an orderly

may be held to be engaged in an act of caring for the patient and thus exonerate the hospital (*Phillips* v. *Buffalo Gen. Hosp.*, 239 N. Y. 188) while of course he does act generally in an administrative capacity (*Dillon* v. *Rockaway Beach Hosp.*, 284 N. Y. 176). The significance of the physician's position in this case in relation to his employer's requirements of job applicants is demonstrated in *Pivar* v. *Manhattan General Hospital* (279 App. Div. 522). It would seem the installation of sideboards is a ministerial act just as it might seem the use of a needle could be medical only. Yet in the *Pivar* case it was held that if the use of sideboards is left to a nurse the decision is an act of treatment while the nurse who fails to respond properly to an order for installation is engaged in a ministerial act. Transfusion of incompatible blood (*National Homeopathic Hosp.* v. *Phillips*, 181 F. 2d 293) and transfusion of blood to the wrong patient (*Necolayff* v. *Genesee Hosp.*, 270 App. Div. 648) were found to involve ministerial acts for which the hospital was responsible. The relatively simple act of the use of a water bottle by a nurse was found in the circumstances there to be a medical act in *Sutherland* v. *New York Polyclinic Medical School & Hosp.* (298 N. Y. 682). So the nature of the act can furnish no impediment in proper circumstances to a finding that a physician acted as a servant in discharge of his duty obediently to his master's order. When the act is performed in the absence of any relation of physician and patient and not for the purpose of cure or treatment the result is inescapable.

Accordingly the court finds for plaintiff upon the submission that defendant is chargeable upon the theory of *respondeat superior* and awaits advice of counsel for arrangement of further proceedings.