VERA MRACHEK, Respondent, *v.* SUNSHINE BISCUIT, INC., Appellant, et al., Defendants.

First Department, December 15, 1953.

*Jacquin Frank* for respondent.

*Joseph J. Brophy* of counsel (*Desmond T. Barry* with him on the brief; *Tippett, Cotter & Carey,* attorneys), for appellant.

COHN, J. The action was brought to recover damages for personal injuries (202 Misc. 527). After a trial without a jury, plaintiff was awarded the sum of $15,000. Later, upon reargument, the court raised the amount to the sum of $30,000. It is from the judgment entered thereon that defendant Sunshine Biscuit, Inc., appeals.

Appellant is engaged in the business of baking and manufacturing food products. Plaintiff, a woman forty-two years of age, who had been in this country for only a few months, applied for a position at appellant's factory. In accordance with a rule of her prospective employer with respect to persons seeking

positions, she was required to submit to a physical examination and to a blood test for the purpose of determining whether she was suffering from a communicable disease. This test was also compelled by the regulations of the board of health of the City of New York, which prohibit food establishments from employing such persons. (Sanitary Code and Regulations, § 148, regulation 22.) For that purpose, appellant maintained at its plant a pre-employment room for examinations, where it kept medical equipment for the use of its employees and where it also employed nurses and a physician.

After the usual pre-employment physical examination of plaintiff, the physician proceeded to make a blood test. According to plaintiff's testimony, which was accepted as true by the Trial Judge, in attempting to extract blood for analysis from her left arm, he pierced it a number of times and probed without getting any blood in the barrel of the syringe. Thereafter, he sought recourse to the right arm where he obtained the required amount. Plaintiff alleges that the physician was negligent in probing the left arm because the veins there were not fully discernible whereas in the right arm they were; that as a result of negligent insertion of the needle in the wrong arm in the futile attempt to obtain blood for the test, she suffered severe and painful damage to the median and ulna nerves of the left arm resulting in a permanent " claw-hand ".

Appellant disclaims liability for the injury sustained by plaintiff on the ground that it is not derivatively responsible for the medical neglect of the physician whom it employed to test job applicants. Plaintiff, on the other hand, asserts that the rule of *respondeat superior* applies because the relationship of physician and patient did not exist between her and the physician; that the acts of the physician about which plaintiff complains were for the benefit of appellant's business and appellant is liable therefor.

As a general rule, a physician whose services are made available by an employer to an injured employee, makes his diagnosis and treatment free from the direction and control of the employer. Such a physician is an independent contractor and the employer is in no sense liable for his errors of judgment, mistakes or negligent acts, provided that the employer exercises reasonable care and diligence in selecting a competent man for that office and is liable only for a neglect of that duty. (*Schneider* v. *New York Tel. Co.,* 249 App. Div. 400, affd. 276 N. Y. 655; *Laubheim* v. *De K. N. S. Co.,* 107 N. Y. 228; *Stone* v. *Goodman,* 241 App. Div. 290.)

Here, however, the physician was an employee of appellant. He was carried on its payroll, with the usual benefits to which employees are entitled under social security laws and he was covered under the provisions of the New York State Workmen's Compensation Law, like all other employees. Plaintiff was required by appellant to take the test from the employer's physician before receiving employment. She had no choice. She was not a patient of the physician, nor was she seeking medical attention or medical care from him. His act in performing a serological test was solely for the benefit of the employer. It was the employer's duty to see to it that employees who were food handlers had no communicable disease. In this view, appellant could not evade responsibility by hiring or retaining a so-called independent contractor to perform that duty. What the physician did here was not pursued in the interests of the patient as part of a cure or a treatment, but was done solely for the purpose of furnishing to the employer in its business a report of the physical condition of the applicant.

Undoubtedly it is the rule in this State that noncharitable institutions, as well as charitable ones, are not responsible for the neglect of doctors whom they employ in the medical care and attention furnished to patients. (*Bakal* v. *University Heights Sanitarium,* 277 App. Div. 572, affd. 302 N. Y. 870; *Schloendorff* v. *New York Hosp.,* 211 N. Y. 125.) However, where, as here, the relationship of physician and patient does not exist and where the negligent acts committed were solely for the benefit of the employer's business, the principle of *respondeat superior* applies, and the master may be liable for the negligence of the physician who is protecting the master's interests and is acting for the benefit of his employer. This reasonable rule has been followed in other jurisdictions (*Rannard* v. *Lockheed Aircraft Corp.,* 26 Cal. 2d 149; *Jones* v. *Tri-State Tel. & Tel. Co.,* 118 Minn. 217; *Ebert* v. *Emerson Elec. Mfg. Co.,* 264 S. W. 453, 458; *Woodburn* v. *Standard Forgings Corp.,* 112 F. 2d 271, 274; *Dishman* v. *United States,* 93 F. Supp. 567, 569; see, also, 18 R. C. L. § 103, p. 603; 35 Am. Jur., Master and Servant, § 111, p. 540; 56 C. J. S., Master and Servant, § 165, p. 821).

In order for an industrial corporation to be exonerated from the negligence of a physician there must exist between the patient and the employee a relationship of physician and patient, and the act complained of must have been done in the treatment or cure of the patient. It matters not whether the negligent act

is ascribed to a physician or nurse; it is the act and not the position of the actor that furnishes the test.

At the outset of the trial, the action against the physician was discontinued. Upon the proof adduced, the trial court was justified in finding that plaintiff's injuries are the result of the negligent acts of the physician and that in the circumstances of this case appellant was liable for such negligence. However, we think that the nature, character and extent of the injuries and the loss of earnings attendant thereon do not warrant damages in excess of the amount originally assessed by the Trial Judge. The judgment should accordingly be reversed and a new trial ordered for excessiveness unless plaintiff stipulates to reduce the judgment to the sum of $15,000, in which event the judgment is affirmed. Settle order.

DORE and CALLAHAN, JJ. (dissenting). DORE and CALLAHAN, JJ., dissent and vote to reverse the judgment and dismiss the complaint on the ground that the defendant company was not liable for the acts of the physician in administering the blood test. Tapping a blood vessel would be an act involving the exercise of medical judgment and professional skill by the doctor. He was exercising for defendant professional judgment in performing such act and defendant would not be liable for his negligence on the theory of *respondeat superior*. The physician was an independent contractor. The fact that defendant selected and paid the physician and plaintiff had no choice in the selection would not be controlling (*Laubheim* v. *De K. N. S. Co.,* 107 N. Y. 228; *Schneider* v. *New York Tel. Co.* 249 App. Div. 400). Although the doctor was in a general sense the employee of the defendant he was not its employee so as to create liability for his professional acts (*Matter of Renouf* v. *New York Central R. R. Co.,* 254 N. Y. 349).

The defendant was required by law to ascertain whether any prospective employee had a communicable disease; that was not merely for protection of defendant but primarily for the protection of the public; and also for plaintiff's benefit to enable her to qualify for the job she sought to get. Defendant furnished a physician to make blood tests and it was immaterial whether in furnishing the physician in this particular instance it acted by force of law or by choice (*Laubheim* v. *De K. N. S. Co., supra*). In selecting a physician it was bound only to exercise reasonable care in doing so and there was no contention here that it failed in that duty. At the outset it is true that plaintiff was not a patient for the purpose of treament and

cure; but when the doctor took a blood test from her body even though ordered to do so by the employer, that test was in aid of diagnosis of the condition of her blood and it necessarily involved the doctor's medical judgment and professional skill; in that act he acted as a physician performing a medical act and she was at the time a patient for the purpose of that act in aid of the diagnosis for her own benefit in order to get the job she sought as well as for the benefit of the employer and ultimately the public.

PECK, P. J., and BOTEIN, J., concur with COHN, J.; DORE and CALLAHAN, JJ., dissent and vote to reverse and dismiss the complaint, in opinion.

Judgment reversed upon the ground of excessiveness and a new trial ordered, with costs to the appellant, unless the plaintiff stipulates to reduce the judgment to the sum of $15,000 in which event the judgment, as so modified, is affirmed, without costs. Settle order on notice.