■ ISABEL BING, Respondent, et al., Plaintiff, v. LOUIS A. THUNIG, Defendant, and ST. JOHN'S EPISCOPAL HOSPITAL, Appellant.—In an action to recover damages for personal injuries sustained during the performance of a surgical operation upon respondent at appellant hospital, the appeal is from a judgment entered upon the verdict of a jury, insofar as said judgment is in favor of respondent and against appellant. Judgment, insofar as appealed from, reversed on the law and the facts, with costs, and the third cause of action set forth in the supplemental amended complaint dismissed. The proof was sufficient to justify a finding that respondent's burns were caused by the ignition of gases in the immediate area of the site of the operation, that these gases were formed by the evaporation of antiseptic which had been applied to respondent's body at and about the immediate site of the operation, and that the ignition was produced by the surgeon's introduction of the heated cautery into that area. The applications of the antiseptic to respondent's body immediately preceding the surgery were part of the operation itself (see *Schloendorff* v. *Society of New York Hosp.,* 211 N. Y. 125, 132–133) and, therefore, were acts in the nature of treatment of the patient, for which acts the hospital is not liable (*Schloendorff* v. *Society of New York Hosp., supra;* see *Mrachek* v. *Sunshine Biscuit,* 308 N. Y. 116, 119; *Bakal* v. *University Heights Sanitarium,* 277 App. Div. 572, affd. 302 N. Y. 870, and *Steinert* v. *Brunswick*

*Home,* 259 App. Div. 1018). There was no testimony that anyone saw any stains of antiseptic upon the linen prior to the administration, by a physician, of the anesthesia which, under the instructions to nurses, would have placed upon them the duty of replacing said linen. With the operation in progress and respondent under anesthesia, it was not the duty of the nurses and anesthetist to interfere with the operation by substituting dry linen for linen which might be wet with some of the antiseptic, except at the direction of the surgeon. Respondent's medical expert testified that it was the duty of the operating surgeon to see that there were no inflammable gases present in the area in which an electric cautery was to be used by him, and that the direct responsibility for what was done was part of his obligation as head of the "operating team". If he was remiss in that respect, his conduct was in any event a medical omission for which the hospital would not be liable. Although disobedience of an absolute direction to a hospital attache to carry out a simple manual act, which direction is in pursuance of a medical determination, is an administrative omission for which the hospital would be liable (*Ranelli* v. *Society of New York Hosp.,* 49 N. Y. S. 2d 898, affd. 269 App. Div. 906, affd. 295 N. Y. 850; *Gordon* v. *Harbor Hosp.,* 275 App. Div. 1047; *Pivar* v. *Manhattan Gen.,* 279 App. Div. 522), there was no proof here of the existence of any rule, direction or instruction to these hospital attaches which, in the event the linen became thus contaminated by the antiseptic during the course of surgery, absolutely required any of them to do anything with respect to removing that condition, or to call the surgeon's attention thereto. Nolan, P. J., Wenzel and Kleinfeld, JJ. concur. Beldock and Murphy, JJ., dissent and vote to affirm, with the following memorandum: In our opinion, a hospital is liable for administrative negligence whether that negligence occurs before, during, or after an operation. (Cf. *Mrachek* v. *Sunshine Biscuit,* 308 N. Y. 116, 121.) After respondent had been placed under spinal anesthesia, an inflammable antiseptic was applied to her body in such a way and in such an amount that the linen separating her body from the operating table became contaminated therewith. The nurse in attendance testified that the rules of the hospital required, in such an event, that the attaches were to remove the wet linen in order to prevent precisely the type of incident which caused the injuries of which complaint is made. The failure of the hospital attaches to perform this simple manual act, which was part of the hospital directions, constituted administrative negligence for which the hospital may be held liable. (*Ranelli* v. *Society of New York Hosp.,* 269 App. Div. 906, affd. 295 N. Y. 850; *Pivar* v. *Manhattan Gen.,* 279 App. Div. 522; *Gordon* v. *Harbor Hosp.,* 275 App. Div. 1047.) The excuse for the failure to remove the contaminated linen, i. e.; that the nurse in attendance did not see it, is insufficient. The nurse admitted that she did not look; had she looked, she would have seen. The failure to see, under these circumstances, does not absolve the hospital from liability.