No. 42,884

DORUS MCATEE and MARY MCATEE, *Appellants*, v. ST. PAUL'S MISSION OF MARYSVILLE, Marshall County, Kansas, a Corporation; ST. PAUL'S MISSION, a Religious Corporation; ST. PAUL'S MISSION EPISCOPAL CHURCH of Marysville, Kansas; ST. PAUL'S EPISCOPAL CHURCH, *Appellees*.

(376 P. 2d 823)

Opinion filed December 8, 1962.

*Keith G. Sebelius*, of Norton, argued the cause, and *William H. Stowell* and *Doris Dixon Stowell*, of Phillipsburg, were with him on the brief for the appellants.

*Robert F. Galloway*, of Marysville, argued the cause, and *Keith W. Sprouse* and *Edward F. Wiegers*, both of Marysville, were with him on the brief for the appellees.

The opinion of the court was delivered by

JACKSON, J.: The appellants as plaintiffs in the court below brought an action against the church known as St. Paul's Mission of Marysville, Marshall County, Kansas, a corporation, to recover damages for the wrongful death of their son. It is agreed that there is but one corporate defendant in the action and none other.

It might be said that as we understand the use of the word "Mission" in the name of the church, it means that the church has not been self supporting and is, in a sense, a missionary church.

It was alleged that plaintiff's son had tripped over a rock or other obstruction on the walk along the rear of the church cabin and had fallen over into the unguarded stairway of the cabin and that his

death resulted from this accident; that the cabin was a place set aside for the entertainment of the town's young people.

The church pleads in its answer that it is a corporation devoted to the maintenance of religion and that it is not responsible for the torts of its agents. In one paragraph of the answer is found language which might be treated as a demurrer. Although plaintiffs filed a reply to the answer of the church putting all facts in issue, the parties agreed that the trial court should first pass upon the demurrer contained in the answer. Thereafter, the trial court sustained the demurrer holding the church not responsible for its torts.

Before leaving the lower court, we should note it was alleged in plaintiff's reply that the church was possessed of an insurance policy which covered any liability of the church due to its fault in this matter. During the argument in this court, it was admitted that the church did possess such a policy.

Of course, the controlling authority in Kansas upon the question of tort liability of charitable institutions is the case of *Noel v. Menninger Foundation,* 175 Kan. 751, 267 P. 2d 934. We note that the parties to this case do not seem to argue the Noel case a great deal. The Noel case set a new rule in this state—as the courts of a number of other states have done—by holding that a charitable hospital was responsible for the torts of its agents and employees. We would note that the case dealt with the fallacy of the trust fund theory.

Evidently, the defendants do not read the case as broadly as this court does. The author of the opinion was careful to set out a number of specific cases which were overruled by the Noel case, see the ninth paragraph of the syllabus. If it be thought that religious corporations were not to be covered by the rule of the Noel case, we might point out that two cases, which are set out in paragraph nine of the syllabus, dealt with The Salvation Army—*Webb v. Vought,* 127 Kan. 799, 275 Pac. 170, and *Leeper v. Salvation Army,* 158 Kan. 396, 147 P. 2d 702.

It would not do at all to say that the Salvation Army was not as great a religious organization as any of the other churches of the land.

We cannot avoid pointing out that in *Webb v. Vought,* supra, two of the members of the then court seemed to think that a religious corporation should be responsible for its torts and dissented from the opinion in that case.

It is of some wonder how the church in this case would believe

that it was not responsible for its torts and yet have insurance covering such a loss. On the other hand, we are pleased that they have the insurance.

The order of the district court sustaining the defendant's demurrer to the plaintiff's petition must be reversed, and the court directed to overrule the demurrer. It is so ordered.

PRICE, J., concurs in the result.