Morrison, Appellant, vs. Henke and others, Respondents.

*November 14, 1916—March 13, 1917.*

*Hospitals: Liability for negligence of nurses: Liability of surgeons.*

1. A finding that surgeons who operated upon plaintiff at a hospital were negligent in permitting certain nurses to attend him after the operation, is *held* to have been properly set aside by the trial court, there being no evidence to show that, even if the nurses were incompetent, the surgeons—who were not agents or servants of the hospital—knew or were chargeable with knowledge of such incompetency.

2. Charitable hospitals are not liable to their patients for negligence of employees selected with due care. Such hospitals perform a *quasi*-public function in ministering to the poor and sick without any pecuniary profit to themselves, and the doctrine of *respondeat superior* should not be applied to them in favor of those receiving their charitable services.

3. The exemption of such hospitals from liability applies to pay as well as to free patients.

Appeal from a judgment of the circuit court for La Crosse county: E. C. Higbee, Circuit Judge. *Affirmed.*

Action to recover damages for alleged negligent treatment of plaintiff following an operation for appendicitis while a patient at the defendant hospital. The defendants *Henke* and *Mast* were surgeons of La Crosse who performed the operation on plaintiff while at the hospital. They were not agents or servants of the hospital, but came in, as other doctors or surgeons did, to treat patients desiring their services. The case was tried to a jury and they found: (1) that the sores on plaintiff's leg were caused by a burn from a hot-

water bottle placed in his bed at the hospital; (2) that the nurses placed in charge of plaintiff were incompetent; (3) that the defendants *Henke* and *Mast* were wanting in the exercise of ordinary care in permitting such nurses to attend the plaintiff after the operation; (4) that such want of ordinary care was the proximate cause of plaintiff's injury; (5) that the nurses who had charge of plaintiff were wanting in the exercise of ordinary care in their care and attendance upon him; (6) that such want of ordinary care was a proximate cause of plaintiff's injury; and (7) damages in the sum of $700.

The court set aside the third finding on the ground that there was no evidence in support thereof, found *Henke* and *Mast* free from negligence, and dismissed the case as to them. He also dismissed the action against the *La Crosse Hospital Association* on the ground that, being a charitable institution, the doctrine of *respondeat superior* did not apply to it.

From a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *C. L. Baldwin*.

For the respondents *Henke* and *Mast* there was a brief by *Lees & Bunge* and *Wolfe, Wolfe & Reid,* all of La Crosse, and oral argument by *George W. Bunge*.

For the respondent *La Crosse Hospital Association* there was a brief by *McConnell & Schweizer* of La Crosse, and oral argument by *Charles H. Schweizer*.

The following opinion was filed December 5, 1916:

VINJE, J.    We have examined the evidence relative to the alleged negligence of *Henke* and *Mast* and are satisfied that the court properly set aside the finding that they were wanting in the exercise of ordinary care in permitting the nurses to attend plaintiff after the operation.    There is no evidence to show that if the nurses were incompetent—a fact by no

means clearly established—the doctors knew or were charge-able with knowledge of such incompetency. They were not hired by the doctors but by the defendant hospital, and no fact is shown coming to the knowledge of the doctors suffi-cient to put them upon inquiry as to the nurses' competency. In the absence of such.fact they had a right to assume they were competent.

The court also properly dismissed the action as to the de-fendant *La Crosse Hospital Association.* The evidence shows that it is an eleemosynary institution paying no divi-dends and is largely supported by charitable donations; that the fees charged from patients able to pay do not support it; and that the weekly charge made to the plaintiff was not enough to cover the cost of the services rendered to him.

The authorities in this country almost uniformly hold that in the absence of any negligence in their selection charitable hospitals are not liable to their patients for the torts of their employees. *McDonald v. Massachusetts Gen. Hosp.* 120 Mass. 432; *Powers v. Massachusetts H. Hosp.* 109 Fed. 294, 65 L. R. A. 372; *Thornton v. Franklin Square House,* 200 Mass. 465, 86 N. E. 909, 22 L. R. A. N. s. 486; *Downs v. Harper Hosp.* 101 Mich. 555, 60 N. W. 42, 25 L. R. A. 602; *Pepke v. Grace Hosp.* 130 Mich. 493, 90 N. W. 278; *Far-rigan v. Pevear,* 193 Mass. 147, 78 N. E. 855, 7 L. R. A. N. s. 481; *Hearns v. Waterbury Hosp.* 66 Conn. 98, 33 Atl. 595, 31 L. R. A. 224; *Jensen v. Maine E. & E. Infirmary,* 107 Me. 408, 78 Atl. 898, 33 L. R. A. N. s. 141; *Taylor v. Protestant H. Asso.* 85 Ohio St. 90, 96 N. E. 1089, 39 L. R. A. N. s. 427; *Adams v. University Hosp.* 122 Mo. App. 675, 99 S. W. 453; *Gable v. Sisters of St. Francis,* 227 Pa. St. 254, 75 Atl. 1087; *Schloendorff v. Society of N. Y. Hosp.* 211 N. Y. 125, 105 N. E. 92, 52 L. R. A. N. s. 505; *Nichol-son v. Atchison, T. & S. F. H. Asso.* 97 Kan. 480, 155 Pac. 920, L. R. A. 1916D, 1029; *Duncan v. Nebraska S. & B. Asso.* 92 Neb. 162, 137 N. W. 1120, 41 L. R. A. N. s. 973;

*Wharton v. Warner,* 75 Wash. 470, 135 Pac. 235; *St. Paul's Sanitarium v. Williamson* (Tex. Civ. App.) 164 S. W. 36; *Perry v. House of Refuge,* 63 Md. 20; 2 Cooley, Torts (3d ed.) 1011–1013; 1 Jaggard, Torts, 184; 2 Dillon, Mun. Corp. (4th ed.) § 974; 6 Cyc. 975; 5 Ruling Case Law, 374 *et seq.;* 13 Ruling Case Law, 944 *et seq.* See, also, notes in 23 L. R. A. 200; 2 L. R. A. N. s. 556; 7 L. R. A. N. s. 481; 32 L. R. A. N. s. 62; 52 L. R. A. N. s. 505, and L. R. A. 1916D, 1029.

In *Alston v. Walden Academy,* 118 Tenn. 24, 102 S. W. 351, 11 L. R. A. N. s. 1179, and in *Parks v. Northwestern Univ.* 218 Ill. 381, 75 N. E. 991, 2 L. R. A. N. s. 556, the same immunity was applied to schools. . In *Fire Ins. Patrol v. Boyd,* 120 Pa. St. 624, 650, 15 Atl. 553, 1 L. R. A. 417, immunity was held to exist as against a stranger to the patrol who was injured by its servants. But in *McInerny v. St. Luke's H. Asso.* 122 Minn. 10, 141 N. W. 837, and *Hewett v. Woman's H. A. Asso.* 73 N. H. 556, 64 Atl. 190, 7 L. R. A. N. s. 496, defendants were held liable to their servants for failure to perform nondelegable duties which as masters they owed them. Liability has also been enforced in favor of strangers or employees. *Basabo v. Salvation Army,* 35 R. I. 22, 85 Atl. 120, 42 L. R. A. N. s. 1144; *Hordern v. Salvation Army,* 199 N. Y. 233, 92 N. E. 626, 32 L. R. A. N. s. 62, and note; *Bruce v. Central M. E. Church,* 147 Mich. 230, 110 N. W. 951, 10 L. R. A. N. s. 74 and note.

Upon the precise question of the liability of charitable hospitals to their patients for the negligence of employees selected with due care, we have been able to find but two cases in this country that hold them liable. These are *Glavin v. Rhode Island Hosp.* 12 R. I. 411, and *Tucker v. Mobile I. Asso.* 191 Ala. 572, 68 South. 4, L. R. A. 1915D, 1167. In Rhode Island the rule of the *Glavin Case* was changed by sec. 38, ch. 177, Gen. Laws 1896, and in the Alabama case there was a strong dissenting opinion. The latter

case is valuable for its able discussions of the two opposing views. New Brunswick, in *Donaldson v. Comm'rs,* 30 N. B. 279, by a divided court, has also held them liable.

While our courts disclose great unanimity in declaring charitable hospitals immune against claims of their patients based upon the negligence of their servants, they are by no means agreed as to the grounds of immunity. Some place it upon the ground of public policy; others upon the ground that since the funds of the institutions are impressed with a trust for charitable purposes they cannot be diverted to other uses; and still others upon the ground of an implied waiver on the part of voluntary recipients of the charity of any claim for damages. Without discussing the relative merits of these different grounds, we prefer to rest our decision upon the principle that since these charitable hospitals perform a *quasi*-public function in ministering to the poor and sick without any pecuniary profit to themselves, the doctrine of *respondeat superior* should not be applied to them in favor of those receiving their charitable services. As stated by BEST, C. J., in *Hall v. Smith,* 2 Bing. 156, "The maxim of *respondeat superior* is bottomed on this principle, that he who expects to derive advantage from an act which is done by another for him must answer for any injury which a third person may sustain from it." Since the hospital derives no profit from its work and since it is founded for the sole purpose of conserving the health and life of all who may need its aid, and since it ministers to those who cannot pay as well as those who can, thus acting as a good Samaritan, justice and sound public policy alike dictate that it should be exempt from the liability attaching to masters whose only aim is to engage in enterprises of profit or of self-interest. The patient who accepts the services of such an institution, if injured therein by the negligence of an employee, must be content to look for redress to such employee alone. The principle invoked is analogous to that which exempts municipalities from the rule

of *respondeat superior* in the discharge of their governmental functions.

All the cases holding charitable hospitals immune that have spoken upon the subject agree that the exemption from liability applies to pay as well as to free patients.

Appellant claims he should have a new trial upon the question of whether or not the defendant hospital exercised due care in the selection of the nurses. We deem the evidence would not warrant us in sending the case back for a trial upon that issue.

*By the Court.*—Judgment affirmed.

The appellant moved for a rehearing.

In support of the motion there was a brief by *Baldwin & Bosshard* of La Crosse, and separate briefs signed respectively by *Christian Doerfler* of Milwaukee and *Elmore T. Elver* of Madison as *amici curiæ*.

In opposition to the motion there was a brief for the respondent *La Crosse Hospital Association* by *McConnell & Schweizer* of La Crosse.

The motion was denied, with $25 costs, on March 13, 1917.