WARREN WEBSTER & CO. *v.* PELAVIN.

JUDGMENT — SUMMARY JUDGMENT — AFFIDAVIT OF MERITS — SUF-
FICIENCY—CIRCUIT COURT RULE.

> An affidavit of merits filed by defendant to prevent entry
> of summary judgment under 3 Comp. Laws 1915, §§ 12581,
> 12582, to comply with Circuit Court Rule No. 34, as
> amended, must set forth the relevant facts upon which
> the defense is based, so that the court can determine
> whether there is a real defense to the action, and, where
> no facts are stated from which the court can make such
> determination, there is no error in entering summary
> judgment.

Error to Wayne; Moynihan (Joseph A.), J. Submitted November 8, 1927. (Docket No. 143.) Decided December 1, 1927.

Assumpsit by Warren Webster & Company against Harry J. Pelavin and others on promissory notes. Summary judgment for plaintiff. Defendants Pelavin bring error. . Affirmed.

*Friedman, Meyers & Keys,* for appellants.

*Campbell, Dewey, Stanton & Bushnell (Arthur F. Neef,* of counsel), for appellee.

McDONALD, J. This suit is based on three promissory notes of $650 each executed by the defendants Harry J. Pelavin and Esther Pelavin and payable to the plaintiff. The notes were given in payment of a heating equipment which the plaintiff sold to defendant Greenberg for use in a building which he was erecting for Mr. and Mrs. Pelavin. They executed the notes and he guaranteed their payment. Defendant

Judgments, 34 C. J. § 433.

Greenberg was not served with process and the suit was discontinued as to him.    The plea was the general issue, with notice that the defendant Esther Pelavin would claim, as special defenses, lack of consideration and coverture.    Suit was begun on March 31, 1925. On October 30, 1926, the plaintiff moved for a summary judgment under the provisions of sections 12581, 12582, 3 Comp. Laws 1915.    The defendants filed an affidavit of merits signed by Harry J. Pelavin.    The court ruled that the affidavit was not sufficient to meet the requirements of Circuit Court Rule No. 34, as amended (233 Mich. xxxiii); and entered a judgment for the plaintiff.    The defendants have brought error.

The only question involved is whether the affidavit of merits sufficiently complies with Circuit Court Rule No. 34, as amended.

Before the amendment to Rule No. 34, it was not required that the affidavit should recite facts from which the court could determine if the defendant had a meritorious defense to the action.    It was sufficient if it recited that he had fully and fairly stated the facts to his counsel and was advised that he had such a defense.    It was intended by the amendment that the facts should be stated with such particularity that the court could determine if there was a good and substantial defense.    The applicable portion of the amendment reads as follows:

"The facts so stated shall be the personal knowledge of the affiant, shall be set forth in the affidavit with particularity, and the affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

That part of the affidavit in **which** affiant undertakes to state the facts upon **which** the defense is based is as follows:

"Deponent further says that said defense consists

in plaintiff's failure to fully execute and perform an agreement made by it simultaneously with the execution of the notes upon which suit was brought; that the said Esther Pelavin has good and sufficient defenses against said action, the said defense consisting of the following:

"(a) No consideration passed to the defendant Esther Pelavin in return for her execution of the notes set forth in the plaintiff's declaration.

"(b) That said notes are void as against the defendant Esther Pelavin.

"(c) That the defendant Esther Pelavin is a married woman and was a married woman at the time of the giving of said notes, and that the said notes were not given in connection with her sole and separate estate, and she was not therefore bound to pay."

Examining the recitals of this affidavit in the order stated, it will be observed that the first statement is a mere conclusion that the plaintiff did not fully perform an agreement made simultaneously with the execution of the notes. What constitutes performance of a contract is often difficult to determine. It must be determined from the facts. The affidavit states no facts. It does not show what the agreement was, who were parties to it, who was entitled to demand performance, or what connection it had with the defendants' promise to pay the notes. In this respect, the affidavit is no stronger than if it had merely stated that the plaintiff failed to fully perform a contract. To comply with the rule, the affidavit must state facts relative to the agreement so that the court can determine whether there is a valid enforceable agreement, the nonperformance of which would constitute a defense to this action. In respect to this defense, the affidavit does not comply with the rule.

The recital of facts concerning the defense of coverture is also insufficient. A married woman's common-law disability to enter into certain contracts not connected with her separate estate, and to become jointly liable with her husband thereon has been re-

moved by statute (Act No. 158, Pub. Acts 1917 [Comp. Laws Supp. 1922, § 11488]). Simply stating, as this affidavit does, that Esther Pelavin was a married woman when she signed the notes and that they were not given in connection with her separate estate, tells the court nothing as to her liability. Coverture is no defense to actions on contracts specified in the statute above quoted. There is nothing in the affidavit to show that this contract does not belong to that class.

It is not necessary to further discuss this affidavit. It is altogether insufficient to justify the court in refusing summary action in this case. It is not in compliance with Circuit Court Rule No. 34, as amended. Prior to the amendment, the trial court was compelled to accept the judgment of the defendant's counsel as to the merits of the defense. Since the amendment, it is the duty of the court to determine if there is a real defense to the action. To enable it to do so, the amended rule requires that the relevant facts upon which the defense is based shall be set forth with particularity in the affidavit.

In the instant case, the affidavit of merits does not comply with the requirements of the rule. The court did not err in granting the plaintiff's request for a summary judgment.

The judgment is affirmed, with costs to the plaintiff.

SHARPE, C. J., and BIRD, NORTH, FLANNIGAN, FELLOWS, WIEST, and CLARK, JJ., concurred.