SCHAU, Respondent, vs. MORGAN, Defendant: EVANGELICAL DEACONESS SOCIETY OF WISCONSIN, Appellant.

*October 13—November 10, 1942.*

336

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

*J. Kaiman* of Milwaukee, for the respondent.

MARTIN, J. The summary-judgment statute, sec. 270.635, so far as here material, provides:

"(1) Summary judgment may be entered . . . in any civil action.

"(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has

knowledge thereof, . . . if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes . . . that the action has no merit . . . unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

The affidavits must state evidentiary facts. *Fuller v. General A. F. & L. Assur. Corp.* 224 Wis. 603, 610, 272 N. W. 839; *Ehrlich v. Frank Holton & Co.* 228 Wis. 676, 682, 280 N. W. 297, 281 N. W. 696.

That a charitable institution is not liable under the doctrine of *respondeat superior* for the negligence of its servants has been repeatedly held by this court. *Morrison v. Henke,* 165 Wis. 166, 160 N. W. 173; *Bachman v. Young Women's Christian Asso.* 179 Wis. 178, 191 N. W. 751; *Schumacher v. Evangelical Deaconess Society,* 218 Wis. 169, 260 N. W. 476.

In *Schumacher v. Evangelical Deaconess Society, supra,* p. 172 (involving same defendant as here), the court said:

"The basis of the rule adopted by this court exempting charitable hospitals from liability for the negligence of their servants is above stated to be that, because these hospitals perform a *quasi*-public function, akin to that performed by municipalities in performing governmental functions, justice and public policy require that the doctrine of *respondeat superior* shall not be applied. The reason for the rule as applied to the negligent acts of servants applies with equal force whether the negligent act be of a nurse or other employee employed by the hospital, or the negligence of its manager or managing board in selecting the nurse or other employee. Furthermore, the hospital can act only through its agents in selecting its employees. The agent who selects the employees is an agent of the hospital corporation in no different sense than is the employee whom the corporation through its agent selects. The duties of the two agents are different, but the agency relation is the same, and if the doctrine of *respondeat*

*superior* does not apply to the acts of one such agent, it should not to the acts of the other."

The plaintiff's counsel, in his affidavit, states that the appellant carried insurance against such claims as here made. Assuming that to be the fact, it is wholly immaterial. The weight of authority in jurisdictions where the question has been raised is to the effect that the carrying of liability insurance by a charitable institution is immaterial. In *Enman v. Trustees of Boston University,* 270 Mass. 299, 170 N. E. 43, the court held that evidence to show the carrying of liability insurance was immaterial. At page 301 the court said:

"The policy was not admissible to prove that because of it the defendants were deprived of the exemptions from liability which otherwise it as a charitable corporation would enjoy."

Further, the court said:

"The basis on which the defendant's legal responsibility for torts rests would not be changed by its entering into a contract with an insurance company by which the latter for a consideration and within specified limits undertakes to assume responsibility for damages resulting from accidents for which the defendant might be found to be liable, even though thereby to a certain extent the diversion of the funds of the defendant to that purpose might be avoided. The ruling excluding the policy as evidence was right."

Again, in *McKay v. Morgan Memorial Co-op. Industries & Stores,* 272 Mass. 121, 126, 172 N. E. 68, the court said:

"There was no error in excluding a liability insurance policy covering the defendant corporation, offered by the plaintiff, accompanied by a waiver of all rights against the defendant except as it was protected under such policy. The defendant by taking out liability insurance would not enlarge its liability for negligence, even though by reason of such insurance damages might be paid to the plaintiff without diverting funds held for charitable purposes." To same effect see *Stonaker v. Big Sisters Hospital,* 116 Cal. App. 375,

2 Pac. (2d) 520; *Williams v. Church Home,* 223 Ky. 355, 3 S. W. (2d) 753; *Mississippi Baptist Hospital v. Moore,* 156 Miss. 676, 126 So. 465.

We will take notice that public-liability insurance policies cover the cost of defense. When a charitable institution is made a defendant it must defend the action whether or not it can be held liable. No doubt, charitable institutions deem it good business judgment to protect themselves against the costs of the defense of such actions, as well as from loss through liability imposed by law.

The statement in the affidavit of plaintiff's attorney "that the said defendant hospital is not a charitable institution" is a conclusion of law. The statute requires the statement of evidentiary facts. In *Fuller v. General A. F. & L. Assur. Corp., supra,* where the affidavit of counsel was to the effect that affiant is familiar with the facts set forth in the answer, and that all allegations of fact contained in said answer are true, at page 610 the court said:

"This amounts to nothing more than a second verification by the attorney, and in no sense complies with the requirements of the statute. [Sec. 270.635.] The statute requires, as a condition precedent to the entry of a summary judgment in favor of a defendant, that an affidavit by some person who has knowledge thereof shall set forth such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with an affidavit of the moving party that the action has no merit." To same effect see *Warren Webster & Co. v. Pelavin,* 241 Mich. 19, 216 N. W. 430; *Cowan O. & R. Co. v. Miley P. Co.* 112 Cal. App. 773, 295 Pac. 504; *Phillips v. Investors' Syndicate,* 145 Misc. 361, 259 N. Y. Supp. 462; *Dodwell & Co. v. Silverman,* 234 App. Div. 362, 254 N. Y. Supp. 746; *Rosenthal v. Halsband,* 51 R. I. 119, 152 Atl. 320; *Sterling Homes Co. v. Stamford Water Co.* (2d Cir.) 79 Fed. (2d) 607.

The fact that plaintiff was a paid patient at defendant's hospital does not alter the rule of charitable immunity.

*Morrison v. Henke, supra.* For a list of cases to same effect see 14 A. L. R. 602.

We must conclude that the mere assertion in the affidavit of plaintiff's counsel "that the said defendant hospital is not a charitable institution" does not create an issue as opposed to the affidavit of Dr. Meyer which contains copies of material documents, the articles of incorporation, constitution and by-laws of the Evangelical Deaconess Society of Wisconsin. These evidentiary facts show the actual charitable, benevolent, and educational practices of the appellant. Appellant's motion for summary judgment should have been granted.

*By the Court.*—Order reversed. Cause remanded with directions to grant appellant's motion for a summary judgment.