**Michael Clifford HOOTEN, an infant, by his guardian ad litem, Earle W. Fricker, and Clifford R. Hooten, Plaintiffs,**

**v.**

**CIVIL AIR PATROL, a corporation, Defendant.**

**No. 57–C–103.**

United States District Court
E. D. Wisconsin.
April 29, 1958.

Mark M. Camp, Wauwatosa, Wis., for plaintiffs.

Reginald W. Nelson, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This matter is before the court on defendant's motion for an order dismissing the action on the ground that the complaint fails to state a claim upon which relief can be granted, the motion being based on Fed.Rules Civ.Proc. Rule 12 (b), 28 U.S.C.A.

In the complaint jurisdiction is grounded upon diversity of citizenship, plaintiffs being citizens and residents of Wisconsin and the defendant being a corporation of the District of Columbia, organized and existing under the laws of the United States. In this complaint, it is alleged that the defendant operated a certain trailer which was parked and maintained on premises in Wauwatosa, Wisconsin; that the trailer was located in a thickly populated residential district containing many children and immediately adjacent to a public park frequented by small children; that the officers, agents and personnel of the defendant were engaged in dismantling and repairing certain parts of the trailer and were using a quantity of gasoline in an unmarked open pail; that they started an open wood fire; that the premises were "attractive to children and did constantly attract them;" that on June 1, 1955 the plaintiff, Michael Clifford Hooten, age nine, was attracted to the unattended open fire; that said plaintiff took a burning stick from the open fire, thrust it into the open pail of gasoline, which he thought was water, with the intent of extinguishing the flame, when the gasoline ignited and burned the plaintiff, Michael Clifford Hooten.

The basic ground alleged for recovery is, in fact, an alleged attractive nuisance.

Defendant's motion is based upon the ground that defendant is a non-profit corporation of a benevolent character.

■ Defendant was incorporated by Act of Congress, 36 U.S.C.A. § 201–208, inclusive. The court must take judicial notice of the Acts of Congress. The objects and purposes of the corporation are, as stated in section 202, to encourage and aid American citizens in the contribution of their efforts, services, and resources in the development of aviation and in the maintenance of air supremacy, and to encourage and develop by example the voluntary contribution of private citizens to the public welfare; to provide aviation education and training especially to its senior and cadet members; to encourage and foster civil aviation in local communities and to provide an organization of private citizens with adequate facilities to assist in meeting local and national emergencies.

Section 204 provides that the corporation shall have no power to issue stock "or engage in business for pecuniary profit or gain, its objects and purposes being solely of a benevolent character and not for the pecuniary profit or gain of its members."

Section 205, defining the powers of the corporation, includes the power "to sue and be sued."

■ Defendant is relying upon the Wisconsin law that charitable and benevolent corporations are not liable under the doctrine of *respondeat superior* for the negligence of their servants. This rule is well established in Wisconsin.

Many attempts have been made to get the Wisconsin Supreme Court to change the rule, but it has held that any change must be by the legislature and unless and until the legislature sees fit to change the rule, that rule is the law of Wisconsin. Among some of the cases applying that rule are: Morrison v. Henke, 165 Wis. 166, 160 N.W. 173; Bachman v. Young Women's Christian Ass'n, 179 Wis. 178, 191 N.W. 751, 30 A.L.R. 448; Waldman v. Young Men's Christian Ass'n, 227 Wis. 43, 277 N.W. 632; Baldwin v. St. Peter's Congregation, 264 Wis. 626, 60 N.W.2d 349. Here, in 1953, the court quotes from a previous opinion [Wilson v. Evangelical Lutheran Church, 202 Wis. 111, 230 N.W. 708] 264 Wis. at page 631, 60 N.W.2d at page 352:

" 'The principle upon which charitable corporations were held not to be liable for acts of their servants involved considerations of public policy. It is peculiarly within the province of the Legislature to determine questions of public policy.' "

■ The attractive nuisance doctrine in Wisconsin is but one aspect of the general negligence law. Flamingo v. City of Waukesha, 262 Wis. 219, 55 N.W.2d 24.

■■ Plaintiff has cited and relies upon many cases holding that when Congress creates a corporation with power to sue and be sued, that corporation has no immunity from suit because it is a federal corporation. As stated in R. F. C. v. J. G. Menihan Corp., 312 U.S. 81, 85, 61 S.Ct. 485, 487, 85 L.Ed. 595:

" * * * the unqualified authority to sue and be sued placed petitioner upon an equal footing with private parties as to the usual incidents of suits * * * ".

That the defendant is a benevolent corporation is brought out by the decision of the Court of Appeals, Tenth Circuit in Pearl v. United States, 230 F.2d 243.

■ In section 181.04 the Wisconsin legislature has stated the general powers of non-stock corporations and provided in section 181.04(2) that they have power to sue and be sued, capital and dividend. Such grant of power to benevolent corporations is not construed in Wisconsin as taking away the immunity from the application of the doctrine of *respondeat superior* where that is presented.

■■ It is elementary that the question of liability in tort is determined by the law of the place of the wrong. 11 Am.Jur., Conflict of Laws, § 182, pp. 491–493. Restatement of Conflict of Law, § 166:

"b. *Liability in tort.* If an agent of a foreign corporation while acting in the course of his employment commits a tort, the law of the state where the act was done determines whether his corporation is liable for the tort and the extent to which it is liable therefor."

and again, in said Restatement § 387, under "Vicarious Liability":

"When a person authorizes another to act for him in any state and the other does so act, whether he is liable for the tort of the other is determined by the law of the place of wrong."

See also 25 A.L.R.2d 55 and Buckeye v. Buckeye, 203 Wis. 248, 234 N.W. 342.

■ The case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, laid down the rule that in diversity of citizenship cases the federal court must apply the law of the state as declared by its highest court. That case, incidentally, involved a tort as stated in 25 A.L.R.2d 143:

"Under Erie R. Co. v. Tompkins (1938) 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, a federal court in diversity of citizenship cases, is bound to follow state decisional as well as statutory law on questions of general law not controlled by the Federal Constitution, treaties, or statutes. Consequently the law of the state in which a federal court is sitting now governs the question as to *whether and to what extent a charity is immune from liability for damages in tort, including*

*pertinent questions of conflict of laws."* (Emphasis supplied.)

See also 21 A.L.R.2d 256; 2 Frumer & Benoit, Personal Injury: Actions—Defenses—Damages, 372, Charitable Institutions § 1.11:

"(1) *Constitutional Provisions.* \* \* \* Nor is immunity abrogated by provision that all corporations shall have right to sue and shall be subject to be sued same as natural persons.

"(2) *Statutes.* \* \* \* But 'sue and be sued' statutes generally held not to destroy tort immunity."

■ There is no question but what a benevolent and charitable institution organized under the laws of a foreign state licensed to do business in Wisconsin would be entitled to the benefit of immunity from the application of the doctrine of *respondeat superior* which Wisconsin grants to charitable and benevolent corporations. The unqualified authority to sue and be sued puts the defendant upon an equal footing with private corporations as to the usual incidents of suits. In Wisconsin, whose law governs, one of the usual incidents is immunity of charitable and benevolent corporations from the application of the doctrine of *respondeat superior*.

■ Plaintiff relies strongly upon the line of decisions illustrated by United States v. Standard Oil Co. of California, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067. That line of decisions does not overrule Erie R. Co. v. Tompkins, supra. It is to the effect that in matters which involve the Federal Treasury for financial losses sustained, cases involving federal fiscal policy, the federal law will be followed.

"\* \* \* The question, therefore, is chiefly one of federal fiscal policy, not of special or peculiar concern to the states or their citizens. \* \* \*" 332 U.S. at page 311, 67 S.Ct. at page 1609.

■ Plaintiff also relies on the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The defendant is not the United States Government, and the Federal Tort Claims Act is not applicable to the defendant. It is, however, interesting to note that when Congress passed the Federal Tort Claims Act, it provided merely that the Federal Government would be liable if a private citizen were liable. The Federal Tort Claims Act is governed by the law of the state of the alleged tort. If no cause of action exists in such state, no action exists under the Federal Tort Claims Act. If the cause of action is limited or circumscribed by state law, the same limitations and circumscription apply under the Federal Tort Claims Act.

■ For the foregoing reasons defendant's motion is hereby granted. Defendant may prepare an order in accord herewith, submitting it to plaintiffs' counsel for approval as to form only.