**Laura W. KIKER**

v.

**Joseph A. ESTEP and Civil Air Patrol.**

**Civ. A. No. C75–1027A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 25, 1978.

J. Wayne Pierce, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for plaintiff.

Robert M. Travis, E. A. Simpson, Jr., Powell, Goldstein, Frazer & Murphy, Glover McGhee, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

This case arises out of the March 23, 1974 crash of a Cessna 337 aircraft near McRae, Georgia. The crash occurred during a sim-ulated search and rescue mission conducted by the Georgia wing of the Civil Air Patrol. The defendants are Joseph A. Estep, the pilot of the plane, and the Civil Air Patrol. The defendants have filed third-party claims against Thomas C. Greer and Jeffrey D. Meddin as crew members of the refer-enced mission. Jurisdiction arises under 28 U.S.C. § 1332(a). Pending are defendants' motions for summary judgment.

■ On a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing the motion. *United States v. Hangar One*, 563 F.2d 1155 (5th Cir. 1977). As alleged by the plaintiff, the occupants of the aircraft were volun-tary members of the Georgia Wing of the National Civil Air Patrol. On the date of the crash, the Georgia Wing was conducting an annual practice test of its effectiveness to handle search and rescue missions. The United States Air Force subsidized the test through oil and fuel allotments.

A group of airplanes, including the Cess-na 337 owned and operated by defendant Estep, had departed Cochran Airport, Co-chran, Georgia on the morning of March 23, 1974, in search of a simulated downed air-craft which was represented by "planted" colored panels and an electronic transmit-ting device. During the course of the flight, defendant Estep thought that the clues had been located but the radio aboard his aircraft malfunctioned and he could not make contact with the Cochran Airport to report his location. Plaintiff alleges de-fendant Estep directed or allowed the third-party defendants seated on the right front and right rear of the aircraft's cabin to attempt to eject the cloth portion of a non-functional parachute through the right win-dow in an attempt to mark a point on the ground below in order to not lose their location. Plaintiff alleges the parachute became entangled in the rear propeller and/or controls, causing the pilot to lose control of the aircraft. The plane crashed and plaintiff was injured.

1. The first issue before the court is whether the operation of a Civil Air Patrol mission under the direct authority of the

United States Air Force makes that organization an instrumentality of the United States government for purposes of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The resolution of this issue requires a review of the role of the Civil Air Patrol and the elements required for invocation of the Tort Claims Act.

The Civil Air Patrol came into being July 1, 1946 as a means to provide aviation education and training and to afford an avenue for American citizens to contribute to the development of aviation. 36 U.S.C. § 202. The organization was provided with the necessary corporate attributes including the power to sue and be sued. 36 U.S.C. § 205(a). The organization is required to make an annual report to Congress of the preceding year's activities and proceedings. 36 U.S.C. § 207.

The United States District Courts are granted exclusive jurisdiction of civil actions

> on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

The application of the Federal Tort Claims Act would operate to exclude any civil action against the employee or employees whose actions gave rise to the claim. 28 U.S.C. § 2679(b). The narrow issue in the case sub judice becomes whether or not Joseph Estep is an employee of the government who may not be sued because plaintiff's only recourse is against the United States. Similarly if the Civil Air Patrol is a federal agency, no suit may be maintained against that entity. 28 U.S.C. § 2679(a).

A "Federal agency" is defined to include "independent establishment[s] of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States." An "employee of the government" includes employees of any federal agency. 28 U.S.C. § 2671. Defendants contend the Civil Air Patrol is a "Federal agency" and Joseph Estep is an "employee of the government", and under the above noted provisions, argue this litigation is barred.

The seminal authority with regard to the Civil Air Patrol and the Federal Tort Claims Act is *Pearl v. United States*, 230 F.2d 243 (10th Cir. 1956). In *Pearl*, the Tenth Circuit held that the Civil Air Patrol is not a federal agency within the purview of the Federal Tort Claims Act. Subsequent decisions have cited *Pearl* for the proposition that the Federal Tort Claims Act is inapplicable to the Civil Air Patrol. *United States v. Alexander*, 234 F.2d 861, 865 (4th Cir. 1956); *Hooten v. Civil Air Patrol*, 161 F.Supp. 478, 482 (E.D.Wis.1958).

Defendants attempt to distinguish *Pearl* and her progeny by noting that the case at bar concerns an accident which transpired during a Civil Air Patrol exercise expressly authorized and supplemented by the United States Air Force. *Pearl*, the defendants note, determined only that the Civil Air Patrol was not a federal agency in its ordinary operations. Defendants submit the peculiar facts of this case, and particularly the Air Force authorization and funding for the tragic mission at issue, warrant a conclusion that plaintiff's sole remedy lies with the Federal Tort Claims Act and the United States government.

▮ A chameleon-like existence for the Civil Air Patrol may be accepted as a fact, yet that alone will not limit plaintiff to a remedy against the United States. It is not enough to say that the Civil Air Patrol is a "part-time federal agency" when the focus of 28 U.S.C. § 2671 is entities "primarily acting as, instrumentalities or agencies of the United States". The fact of Air Force authorization for a mission is not enough to warrant a conclusion that the Civil Air Patrol is then "primarily acting" on behalf of the United States.

The concept of the application of the Federal Tort Claims Act varying with the circumstances of the particular factual connections between entities and the United States has been recognized in cases involving National Guardsmen. See, for example, *United States v. Holly*, 192 F.2d 221 (10th Cir. 1951). This concept of liability varying with the particular facts of the relationship may best be explained as a manifestation of the view that an "employee of the government" must have the attributes of a "servant" under the doctrine of respondeat superior. See, *United States v. Becker*, 378 F.2d 319, 321 (9th Cir. 1967). While those attributes may arise as to National Guardsmen engaged in federal activities, they have not been alleged in the present instance.

█ In a somewhat similar factual context, it has been held that one does not become an employee of the government by the fact of payment by the government and through the use of United States property. *Pattno v. United States*, 311 F.2d 604, 606 (10th Cir. 1962). Further, it has been held that there can be no imposition of liability on the United States for the acts of one not a servant merely because the United States encouraged the activity and derived benefit therefrom. *Brucker v. United States*, 338 F.2d 427, 430 (9th Cir. 1964). The Civil Air Patrol does not have the requisite elements to constitute a "federal agency" and a member of the Patrol necessarily does not qualify as an "employee of the government". Plaintiff is not limited to remedies under the Federal Tort Claims Act.

2. Plaintiff Laura W. Kiker has accepted relief under the terms of the Federal Employees' Compensation Act, 5 U.S.C. § 8101 et seq. The second issue before the court is whether the Federal Employees' Compensation Act provides the exclusive means of recovery for a member of the Civil Air Patrol injured during Air Force-authorized Civil Air Patrol exercises. Compensation for members of the Civil Air Patrol has been specifically established under this program by 5 U.S.C. § 8141.

█ The only provision for exclusivity of the compensation under the Federal Employees' Compensation Act is 5 U.S.C. § 8173. This section concerns only the liability of the United States or of a "nonappropriated fund instrumentality." The Civil Air Patrol does not qualify as either. Congress has specifically recognized an obligation to repay the amount of compensation received from the United States if damages are paid by a third party legally liable for the injuries. 5 U.S.C. § 8132. The obligation of repayment under this section is inconsistent with the view that acceptance of compensation under the Act is the exclusive remedy available to an injured member of the Civil Air Patrol. The availability of a civil remedy is also fostered by the Fifth Circuit pronouncement

> that in the absence of a specific statutory command the statutes are not construed to abrogate the common law rights of an employee to maintain a negligence action against a fellow employee. *Allman v. Hanley*, 302 F.2d 559, 563 (5th Cir. 1962).

The court must decline to follow dictum to the contrary in *Belluci v. United States*, 13 Avi. 17, 178 (S.D.Ia.1974).

█ 3. Defendant Estep has attempted to invoke the immunity of service personnel for injuries inflicted on one another. This immunity has been recognized because of the peculiar and special relationship of a soldier to his superiors and the effect civil suits between service personnel would have on morale and discipline, however. *United States v. Brown*, 348 U.S. 110, 112, 75 S.Ct. 141, 99 L.Ed. 139 (1954); *Bailey v. DeQuevedo*, 375 F.2d 72, 74 (3rd Cir. 1967). The factors giving rise to a recognition of this immunity are not present here and the concept is without application to the Civil Air Patrol under the facts of this case.

4. Accordingly, the motions for summary judgment are DENIED.