**IN THE COURT OF APPEALS OF IOWA**

No. 25-0793
Filed September 4, 2025

**IN THE INTEREST OF M.B.,**
**Minor Child,**

**T.G., Father,**
　　　**Appellant,**

**A.G., Mother,**
　　　**Appellant.**
_____

Appeal from the Iowa District Court for Madison County, Erica Crisp, Judge.

A mother and father separately appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**

Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant father.

Thomas G. Crabb, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Penny Beth Reimer of Reimer Mediation & Law, PLLC, Cumming, attorney and guardian ad litem for minor child.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**BADDING, Judge.**

The child involved in this termination proceeding tested positive for methamphetamine when he was born in 2023. The mother admitted that she used the drug during her pregnancy—as late as one week before the child's birth. The Iowa Department of Health and Human Services removed the child from the mother's custody and briefly placed the child with the father, until he tested positive for methamphetamine too. For the next nineteen months of the child's life, the parents made little progress in addressing their substance use, even after being given an extension of time. The juvenile court accordingly granted the State's petition to terminate their parental rights. The parents separately appeal.

## I.      Standard of Review

We conduct a de novo review of termination proceedings under a familiar three-step analysis that asks whether: (1) there are statutory grounds for termination; (2) termination is in the best interest of the child; and (3) we should exercise any of the permissive exceptions for termination. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022); *see also* Iowa Code § 232.116(1)–(3) (2024). Our review is confined to the steps raised by each parent on appeal, along with any ancillary issues, such as whether an extension of time should have been granted. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

## II.     The Mother's Appeal

In her petition on appeal, the mother touches on each of the three steps in our termination framework and requests more time for reunification.

On the first step, the mother contests the sufficiency of the evidence for each of the grounds the juvenile court cited to terminate her parental rights—Iowa

Code section 232.116(1)(e), (h), and (*l*).  Because we may affirm on any ground supported by the record, we focus on paragraph (h).  *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  The mother limits her argument to the final element of that ground—whether clear and convincing evidence established that the child could not be returned to her custody at the termination hearing.  *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").  We agree with the juvenile court that this element was met.

After the child was removed from her custody, the mother continued to test positive for methamphetamine, even while participating in outpatient substance-use treatment.  She also missed, refused, or tampered with some of her drug tests.  The mother did not start to meaningfully address her substance use until the child was moved from a relative placement—which allowed the parents daily contact with the child—to a foster home.  She entered an inpatient treatment facility at the beginning of February 2025, two months after the State filed its termination petition and just before she gave birth to her second child.  By the last day of the termination hearing in April, the mother was two months sober from methamphetamine, receiving "glowing" reports from her treatment team at the facility, and caring for her newborn infant—who was allowed to remain in her custody.

We applaud the mother's recent progress.  But we agree with the juvenile court that after years of methamphetamine use, she was "not far enough in her recovery" to have the child returned to her custody.  *See In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021) ("A long history of substance abuse, repeated

relapses, and demonstrated inability to maintain sobriety outside a supervised setting demonstrates the [child] could not have been returned to [the mother's] care at the time of the termination hearing."); *In re D.M.*, 516 N.W.2d 888, 891 (Iowa 1994) (finding efforts "of very recent origin" insufficient to prevent termination). The mother recognized that reality in her testimony at the termination hearing, where she agreed that it would not "be best for [the child] to simply just come to [her] tomorrow full time." Like the juvenile court, we find the State proved a ground for termination under section 232.116(1)(h).

Moving to the second step, the mother passively argues that termination was not in the child's best interest because "[t]here were other options available." She does not develop her argument further to address our primary best-interest considerations: "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and the child's "physical, mental, and emotional condition and needs." Iowa Code § 232.116(2). It is not our role to make that argument for her. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments.").

In any event, we agree with the juvenile court that the child "needs permanency." As the court observed:

> He has lived in four separate homes throughout his young life. This case has been repeatedly continued at the last minute and [the child] has paid the price. . . .
> Although [the child] has only been placed with his foster family since January, he is thriving there. [The child] deserves to get off the rollercoaster ride that involves whether his parents are using drugs or not. He is growing up quickly and cannot press pause and wait for his parents to mature enough to fully address their substance abuse issues. Although [the mother] appears to be much closer, the

> court concludes she did not take advantage of the six-month
> extension that was previously granted, and is unfortunately too late
> in her last-ditch efforts. The Court finds that [the child's] long-term
> physical, emotional, safety, and mental needs will be best served by
> termination of parental rights in this case.

We adopt this reasoning as our own and conclude that terminating the mother's parental rights is in the child's best interests. *See In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018) ("[I]t is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)).

We also agree with the juvenile court on the third step of the termination framework—that the mother failed to meet her burden to establish the permissive exception to termination in Iowa Code section 232.116(3)(c). *See id.* at 476 ("[T]he parent resisting termination bears the burden to establish an exception to termination . . . ."). That exception allows the court to avoid termination when a parent proves by "clear and convincing evidence that the termination would be detrimental to the child . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). The mother argues the court should have applied this exception because the "child knows and has a significant bond" with her. But the existence of a bond is not enough. *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). Instead, there "must be a closeness that, if severed, would be detrimental to the child." *In re L.N.*, No. 22-0702, 2022 WL 3907745, at *3 (Iowa Ct. App. Aug. 31, 2022). That standard was not met here, considering the child's young age and his removal from the mother's custody for his entire life. *In re M.W.*, 876

N.W.2d 212, 225 (Iowa 2016) (declining to apply section 232.116(3)(c), despite the presence of a bond, because of similar considerations).

In her last issue heading, the mother claims "a six month extension should have been granted." "This is a statutorily permissible option." *In re L.A.*, 20 N.W.3d 529, 535–36 (Iowa 2025); *see also* Iowa Code §§ 232.117(5), 232.104(2)(b). But the mother fails to develop this issue in the body of her argument, identifying no "factors, conditions, or expected behavioral changes" that would allow us to determine the need for removal will no longer exist at the end of the extension. Iowa Code § 232.104(2)(b). And she was already granted an extension in July 2024, during which she failed to progress. The mother's belated decision to participate in treatment unfortunately "falls into the category of too little, too late." *L.A.*, 20 N.W.3d at 536.

## III.    The Father's Appeal

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(e), (h), (*l*), and (g). In challenging that ruling, the father claims the State failed to make reasonable efforts toward reunification, termination is not in the child's best interest, and he should have been given another extension of time. We reject each of these claims.

On the first claim, although the father's statement of the issue in his petition on appeal purports to challenge the State's reasonable efforts, the substance of his argument does not address that issue.[1] As with the mother, we will not make

---

[1] Instead, the father seems to challenge some of the statutory grounds for termination, although he does not identify which grounds or elements he is challenging. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo

arguments for the father. *See Hyler*, 548 N.W.2d at 876. Even if the father had made a substantive reasonable-efforts argument on appeal, we would find that he waived the issue because he did not object to the sufficiency of the services in the juvenile court proceedings. *In re L.M.*, 904 N.W.2d 835, 840 (Iowa 2017) ("In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding.").

As for the best interest of the child, the father argues that even though he "might struggle somewhat with the issues of intermittent substance abuse, and a late start in treatment," he was "able or close to being able, to take custody of the child and safely raise" him. The record shows otherwise. The father testified that he first started using methamphetamine thirty-five years ago. His parental rights to an older child were terminated in 2022 because of his substance use. And he tested positive for methamphetamine throughout these proceedings. While the father challenged the accuracy of those tests, he was arrested with a methamphetamine pipe in his pocket only a few weeks before the termination hearing. He also tampered with a sweat patch test.

The defining elements of the best-interest analysis are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011). The father cannot provide either for his child because of his untreated and ongoing substance use. *See A.B.*, 815 N.W.2d at 776 ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise

---

review."). Even if we generously construe this section of the father's petition on appeal, his argument only appears to address section 232.116(1)(h). We accordingly affirm on the unchallenged grounds. *See A.B.*, 815 N.W.2d at 774.

children."). We agree with the juvenile court that terminating the father's parental rights is in the child's best interests.

The father mentions in passing that he "should have been granted a six-month extension." But, like the mother, he has not enumerated what factors, conditions, or expected behavior changes would alleviate the need for removal at the end of the requested extension. *See* Iowa Code § 232.104(2)(b). Given the father's continued methamphetamine use, an extension of time is unwarranted.

We affirm the juvenile court's order terminating the parental rights of both parents.

**AFFIRMED ON BOTH APPEALS.**